[Armour Packing Co. of La., Ltd. v. Vinegar Bend Lumber Co.]

# Armour Packing Company of La., Ltd. v. Vinegar Bend Lumber Co.

## Assumpsit.

(Decided Dec. 20th, 1906. 42 So. Rep. 866.)

1. *Corporations; Foreign Corporations; Right to do Business in this State.*—The State has the power to require a foreign corporation doing business in this State to file with the secretary of State a certified copy of its articles of incorporation, as provided by section 232 of the constitution of 1901.

2. *Same.*—A foreign corporation , which was doing business in this State at the time of the adoption of the Constitution of 1901, having complied with all the provisions. of the Constitution and statutes enacted prior to that time, must, in order to continue to do business thereafter, comply with Section 232 of the Constitution of 1901.

3. *Same.*—Section 232, Constitution 1901, is prohibitory and mandatory, and it is unlawful for a foreign corporation to transact business in this State without complying with its requirements, although no penalty for its violation is prescribed, and it is not declared that contracts entered into by foreign corporations without a compliance therewith are void.

4. *Payments; Application; Legal and Illegal Claims.*—Where a foreign corporation, which had not complied with Section 232 of the Constitution, sold goods to a buyer and shipped a part of them from its warehouse in Alabama to a point outside of the State, and the balance to the buyer's place of business in Alabama; and the buyer made payment, without directing the application thereof, in an amount more than enough to pay for the goods shipped outside the State, such payments must be applied to such debts as the debtor was legally bound to pay, and the foreign corporation had no right to apply the payments to the extinguishment of the claim that was illegal, even conceding that the Constitution did not apply to the sale of the goods shipped outside of the State.

APPEAL from Mobile Circuit Court.
Heard before Hon. SAMUEL B. BROWNE.

Action by the Armour Packing Company of Louisiana, Limited, against Vinegar Bend Lumber Company. From a judgment for defendant, plaintiff appeals. Affirmed.

This was an action brought by appellant against the appellee in the circuit court of Washington county, seeking to recover the sum of $346.89 due by account. The cause was removed by agreement of parties to the circuit court of Mobile county. The defendant interposed the following pleas: "Comes the defendant, and for further plea in this cause, entitled as above on the docket of this court, says that the plaintiff is a foreign corporation, and the account herein sued upon is on account of shipment of goods on orders of the defendant given to persons acting for plaintiff in the state of Alabama, and the goods were shipped during the month of August and September, 1902, from the store and warehouse of the plaintiff in Mobile, Ala., as follows, viz.: $987.59 worth of said goods were shipped to Turner, Miss., and received by the defendant at its principal place of business at Vinegar Bend, Ala., and the balance of said goods, amounting to $399.99, were shipped to defendant's place of business in the state of Alabama. That the defendant made payments to the plaintiff generally, without directing their application, on account of its purchases of said goods, as follows, viz.: $693.79 on, to-wit, 15th of November, 1902; $346.89 on, to-wit, March, 1903. And the defendant avers as negative matter that the plaintiff had not complied with the laws of the state of Alabama, so as to entitle the plaintiff to do business in this state, in that it had not, at the time of the said transactions with defendant in the matter of the order and shipmens of said goods, filed with the secretary of state of state of Alabama a certified copy of its articles of incorporation or association." Demurrers were interposed to this plea: Because it is double, in that it attempts to set up payment of the account sued on and also the failure of the plaintiff to comply with the laws of Alabama, so as to entitle it to do business in this state; and because it fails to set out any facts showing payment of the account sued on, nor does it allege that the plaintiff was not doing business in this state prior

[Armour Packing Co. of La., Ltd. v. Vinegar Bend Lumber Co.]

to the time when the Constitution of Alabama, providing that no foreign corporation shall do any business in this state without filing with the secretary of state a certified copy of its articles of incorporation or association, became effective; and because said plea fails to allege that the goods shipped by plaintiff to Turner, Miss., have been paid for; and because said plea fails to allege that the payments made by defendants to the amount of the purchase price of the goods shipped by plaintiff to Turner, Miss., were made in payment of said goods. These demurrers were overruled, and the judgment was for defendant upon its plea.

MITCHELL & TONSMERE, for appellant.—Section 232 of the Constitution of 1901, does not apply to foreign corporations which were doing business in this state at the time the Constitution went into effect, and which had complied with all the laws of the state existing at that time.—*State v. Hartford Fire Ins. Co.*, 99 Ala. 221; Southerland on Statutory Construction, § 464; Black on Interpretation, p. 252; *Lydecker v. Babcock*, 55 N. J. Law, 394; *State v. Connell*, 43 N. J. L. 106; *Gaston v. Merriam*, 33 Minn. 271. It will be presumed in the absence of proof to the contrary that foreign corporations have complied with the laws of the state in reference to doing business therein.—13 A. & E. Ency. of Law (2nd Ed.) 903; Murphree on Foreign Corporations, § 96. Where the complaint does not show that plaintiff is a foreign corporation the burden is upon the defendant to set up that fact and prove it and to show that it has not complied with the laws of the state.—*Christian v. A. F. M. Co.*, 89 Ala. 198; *Eslava v. N. Y. B. & L. Asso.*, 121 Ala. 484; 6 Thompson's Corp. § 6345; 2 Enc. of Evidence, 803. The state in its sovereign capacity is the only party who can take advantage of the failure of the foreign corporations to comply with its laws.—*Derringer v. Derringer*, 1 Am. St. Rep. 150; *Foster v. Betcher Lbr. Co.*, 49 Am. St. Rep. 859.

CHARLES M. BROMBERG, and MASSEY WILSON, for appellee.—The granting of the motion of appellee to strike from the file the replication to the 9th plea cannot be

considered as it is not presented by bill of exceptions.—
*Gaston v. Marengo County*, 139 Ala. 465; *Jones v. Anniston*, 138 Ala. 199; *Southern Ry. Co. v. Cranshaw*, 136
Ala. 572. The 1st grounds of demurrer to the 9th plea
was properly overruled.—4 Mayf. Dig. p. 468. The second ground was also properly overruled.—4 Mayf. Dig.
468. The matter of doing prior business in the
state suggested by demurrer, if meritorious, is
in avoidance and must he presented by way of
replication.—Code 1896, § 3309; *Culberson v. A.
T. & B. Co.*, 107 Ala. 457. The state has authority to exclude foreign corporations altogether
and may impose any restrictions which may be proper
as a condition upon which they can do business in the
state.—*Noble v. Mitchell*, 100 Ala. 519; 19 Cyc. 1251;
Sec. 232 of the Constitution of 1901 is prohibitory and
needs no legislative action to give it force and effect.—
*A. U. Tel. Co. v. W. U. Tel. Co.*, 67 Ala. 26; *Sullivan v.
Vernon*, 121 Ala. 393. The permission granted a foreign corporation to do business in the state rests on
comity and may be withdrawn.—*State v. Hammond
Packing Co.*, 110 La. 180; *Bedford v. E. B. & L. Asso.*,
181 U. S. 227.

As to the application for payment the law is that the
application will be to such debt as the debtor is legally
bound to pay and not to such as he is not bound to pay.
—*Royston v. May*, 71 Ala. 400; 2 A. & E. Ency. of Law
(2nd Ed.) 442. Under the facts in this case the shipment was not interstate commerce.—19 Cyc. 1229.

TYSON, C. J.—The right of foreign corporations to
do business in this state rests upon comity, and not upon any contractual obligations. It was, therefore, entirely competent for the constitutional convention, in
ordaining the present Constitution, to impose upon foreign corporations doing business in this state at the date
of its adoption the additional requirement of "filing
with the secretary of state a certified copy of its articles
of incorporation."—Section 232, Const. 1901. This
proposition, however, does not seem to be controverted.
But the contention is that this requirement does not apply to corporations which had complied in all respects

with the requirements of the prior Constitution and
statutes and were doing business in the state when the
present one was adopted; that the words "no foreign
corporation shall do any business in this state," etc.,
have reference only to foreign corporations which began
to do business after the adoption of the Constitution.
The insistence is clearly without merit; and this hold-
ing does not give, as seems to be contended, a retroac-
tive effect to the clause.

A foreign corporation having a place of business in
this state and engaged in doing business at the date of
the adoption of the Constitution, which continues to do
business afterwards, is doing business as much so as
if the same corporation had not entered the state until
after the Constitution was adopted and then began to
do business. The clause of the Constitution under con-
sideration is prohibitory, and needs no legislation to
carry the mere prohibition into effect or to give it force.
It is therefore unlawful for a foreign corporation to
transact any business here without a compliance with
its conditions, and all contracts into which it may enter,
while executory, requiring the aid of the courts to en-
force them, are void.—*Sullivan v. Vernon,* 121 Ala. 393,
25 South. 600, and authorities there cited. See, also,
*Am. U. Tel. Co. v. W. U. Tel. Co.,* 67 Ala. 26, 42 Am.
Rep. 90. It is wholly unimportant that the prohibitory
clause provides no penalty for its violation, or that it
omits to declare that all contracts entered into by the
corporation in violation of it shall be void.—*W. U. Tel.
Co. v. Young,* 138 Ala. 240, 36 South. 374, and cases
there cited.

The averments of the plea also show that defendant,
at different times, made payments to plaintiff on the ac-
count for the goods sold to it, without directing their
application, aggregating a sum in excess of the value of
those which were shipped to a point in the state of Mis-
sissippi, leaving the balance for which a recovery is
sought, for the goods sold and delivered by plaintiff
from its place of business in this state to the defendant
at its place of business, which was also in this state. If
it be conceded that the constitutional provision has no

application to the sales of those goods which were shipped to a point in Mississippi, because it involved an interstate commerce transaction, a question not necessary to be decided, the payments made must be applied to those sales, no matter whether the sales were anterior or subsequent to the sale of the goods delivered in this state. The rule is that the application of paymets will be to such debts as the debtor is legally bound to pay. The creditor has no right to apply them to the extinguishment of illegal or unenforceable demands without the debtor's consent.—*Royston v. May*, 71 Ala. 400; 2 Am. & Eng. Ency. Law (2d Ed.) p. 442, and notes. Of course, if all the sales of the goods made by plaintiff involved the doing of business in this state in violation of the constitutional provision, no recovery could be had, and the plea was therefore unobjectionable. There is clearly no error in the record of which the appellant can complain.

Affirmed.

HARALSON, SIMPSON, and DENSON, JJ., concur.