is insufficient to lay a foundation for the introduction in evidence at the trial on appeal to the Circuit Court of what he swore to before the justice.

4. Municipal corporations, § 85*—*power to establish rules of evidence.* An ordinance declaring that general reputation shall be sufficient to convict a person of keeping a house of ill fame is void. A city cannot establish rules of evidence.

5. Appeal and error, § 1561*—*when refusal of requested instruction harmless.* Refusal of a requested instruction embodied in an instruction given *held* not error.

---

## The Thomas Manufacturing Company, Appellant, v. Christ Thede, Jr., Appellee.

### Gen. No. 5,899.    (Not to be reported in full.)

Appeal from the Circuit Court of Mercer county; the Hon. Emery C. Graves, Judge, presiding. Heard in this court at the October term, 1913. Reversed and remanded. Opinion filed April 15, 1914.

### Statement of the Case.

Action in *assumpsit* by The Thomas Manufacturing Company, a foreign corporation, against Christ Thede, Jr., to recover for certain goods sold and delivered by plaintiff to defendant. The declaration consisted of the common counts, to which was interposed the plea of the general issue, plea of payment and a further special plea which alleged that the plaintiff corporation had not complied with the law of Illinois regulating the admission of foreign corporations. The plea of payment was afterwards withdrawn. A *similiter* was filed to the general issue and a special replication was filed to defendant's third plea. The replication was one of confession and avoidance of the facts set up in the third plea. Issue being joined, by agreement the parties waived a trial by jury and submitted the

---

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

issues to the court. The parties then entered into a written stipulation of facts, which, together with the exhibits attached to said stipulation, constituted all of the evidence in the case. Judgment was entered against the plaintiff for costs and from the judgment, plaintiff appeals.

Appellant urges as ground for reversal: (1) That the court erred in its construction of the written stipulation of facts; (2) that the finding of the court was against the evidence; (3) that the court erred in finding that the business of plaintiff as the same was transacted in Illinois was not interstate commerce; (4) that the court erred in marking a proposition of law submitted by plaintiff "refused;" and (5) that the court erred in rendering judgment against the plaintiff.

Henry E. Burgess, for appellant.

W. J. Graham, for appellee.

Mr. Presiding Justice Whitney delivered the opinion of the court.

## Abstract of the Decision.

Corporations, § 736*—*when foreign corporation not doing business in this State within meaning of statute.* In a suit by an Ohio corporation to recover for goods sold and delivered to defendant in Illinois, where the case was heard upon a stipulation of facts and the defense was that the plaintiff corporation had not complied with the law regulating the admission of foreign corporations, *held* that the fact that the corporation had a warehouse in this State from which its goods were shipped did not constitute doing business within this State, and that plaintiff was entitled to recover, it appearing from the stipulation and from the contracts between plaintiff and defendant and between the plaintiff and the warehouse company that the plaintiff corporation never intended that the warehouse company, or the plaintiff's shipping agent in Illinois, could complete any contract between a purchaser and the plaintiff, but the question of price to be paid and the responsibility of the purchaser had to be passed upon by the plaintiff at its home office.

*See **Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly,** same topic and section number.