NATIONAL SURETY CO. *v.* THE MANSFIELD LUMBER CO.

(Decided November 26, 1928.)

*Messrs. McBride & Wolfe,* for plaintiff in error.
*Mr. C. H. Henkel,* for defendant in error.

HOUCK, J. The parties will be referred to as they stood in the lower court, being in the reverse order here. The pleadings before us are the petition, its amendment, the answer, and the demurrer thereto. The court of common pleas sustained the demurrer and entered judgment for the plaintiff, the Mansfield Lumber Company. The National Surety Company prosecutes error and seeks a reversal of the judgment entered against it.

The plaintiff, as a subcontractor, sought to recover from the board of education of the city of Mansfield school district and the National Surety Company for certain materials alleged to have been furnished for a certain school building in said school district, of the value of $2,811.97. The original contract for the construction work had been made with the I. D. Mohler Construction Company, which has been adjudged a bankrupt.

It is not necessary for the purpose of this opinion to set forth the allegations of the petition, and of the amendment, and the admissions and denials in the answer, because counsel and the parties to this suit are familiar with them. While counsel, in oral

argument, may have been somewhat technical in some of their claims as to the legal force and effect of a general demurrer, yet in our discussion of it, and in the conclusion reached, we have attempted to do so, shorn of the application of what might be termed a technical rule, and feel that we have done so.

It seems hardly necessary to state that a demurrer admits what is well pleaded, and the truth of only such facts as may be material, and what is expressly stated; but it also admits whatever can, by fair and reasonable intendment, be implied from the allegations. *Dawson* v. *Dawson,* 25 Ohio St., 443, 449; *P., C. & St. L. Ry. Co.* v. *Moore,* 33 Ohio St., 384, 31 Am. Rep., 543; *Robertson* v. *Rochester Folding Box Co.,* 171 N. Y., 538, 64 N. E., 442, 59 L. R. A., 478, 89 Am. St. Rep., 828.

Section 11345, General Code, provides:

"The allegations of a pleading shall be liberally construed, with a view to substantial justice between the parties."

"Pleadings, under the present system, must be fairly and reasonably, not strictly, construed." See *McCurdy* v. *Baughman,* 43 Ohio St., 78, 1 N. E., 93, and *Stoutenburg* v. *Lybrand,* 13 Ohio St., 228.

It is strenuously contended by counsel for plaintiff that the following statements and allegations in the answer are merely conclusions of law, and insufficient, and do not within themselves raise the defense of the statute of limitations under favor of Section 2365-3, General Code:

"Defendants say that plaintiff did not commence this action in due time, but began it more than one year after the acceptance of said building, work or improvement.

"Defendants further say that the work or building of said improvement was completed and same was accepted by the board of education of Mansfield, Ohio, school district on or about the 5th day of January, 1925, and that plaintiff did not file its petition in this cause until the 30th day of March, 1926, and the same is therefore barred by Section 2365-3 of the General Code of Ohio, which provides among other things, that no suit shall be brought against said surety on said bond any later than one year from the date of acceptance of said building, work or improvement."

Section 2365-3, General Code, reads:

"Any person, firm or corporation to whom any money shall be due on account of having performed any labor, or furnished any material in the construction, erection, alteration or repair of any such building, work or improvement, at any time after performing such labor or furnishing such material, but not later than ninety days after the acceptance of such building, work or improvement by the duly authorized board or officer, shall furnish the sureties on said bond, a statement of the amount due to any such person, firm or corporation. No suit shall be brought against said sureties on said bond until after sixty days after the furnishing of said statement. If said indebtedness shall not be paid in full at the expiration of said sixty days, said person, firm or corporation may bring an action in his own name upon such bond, as provided in Sections 11242 and 11243 of the General Code, said action to be commenced not later than one year from the date of acceptance of said building, work or improvement."

In this claim of learned counsel we do not concur. We are firmly convinced from the language used in the defendant's answer that it is clearly sufficient to raise the defense of the statute of limitations, hereinbefore referred to. However, the allegations of fact in the petition and its amendment, and the admissions and denials of fact as contained in the answer, measured by the provisions of Section 2365-3, General Code, lead us to the conclusion that the claimed defense of the statutory bar is not sustained, is not sound in law, and does not bar the plaintiff from recovering in the present suit.

That is to say: Admitting that the allegations of fact as set forth in the defense are sufficient to and do fully and completely raise the question whether or not the one-year statute, as hereinbefore referred to, is a bar to the affirmative relief sought by plaintiff, nevertheless in our judgment they are not sufficient in law under the admitted facts in the petition, amendment and answer.

Under the pleadings it is admitted that the original contractor, the I. D. Mohler Construction Company, was declared a bankrupt before completing its contract with the board of education, and that a new contract was entered into between said board of education and the defendant, the National Surety Company, for the completion of the work on said school building; and the work under the contract of the board of education with the I. D. Mohler Construction Company, not having been completed, was never accepted.

In view of these facts it occurs to us that it was not necessary under the statute for plaintiff to furnish the surety company a statement of the amount

due from the construction company to plaintiff, for the reason that the construction company had been declared a bankrupt, the contract had not been completed, and the board of education had not accepted said work or building.

"Materialmen need not furnish surety statement of amount due, as required by General Code Ohio, Section 2365-3, where it appears that contract was abandoned and work was never accepted, so that statute could not be complied with, and sufficient excuse for not furnishing statement was shown by allegation in petition that contractor abandoned work." *Royal Indemnity Co.* v. *Cliff Wood Coal & Supply Co.* (C. C. A.), 10 F. (2d), 501.

In view of what we have already said, we are inclined to believe that it is not necessary to prolong the discussion of the facts and the law in the present case. It is the judgment of a majority of this court that the trial judge committed no prejudicial error in sustaining the demurrer to the answer.

Finding no prejudicial error in the record, the judgment of the common pleas court must be affirmed.

*Judgment affirmed.*

SHIELDS, P. J., concurs.
LEMERT, J., dissents.