### International Fuel Service Corp. *v.* Stearns, Appellant.

158

Argued January 8, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*F. Raymond Heuges,* for appellant.—Under the Act of 1874, P. L. 1082, appellee, being a foreign corporation not registered in Pennsylvania and doing business in this State, has no right to appeal to our courts for aid in enforcing its contracts: Fertilizer Co. v. Kelly, 10 Pa. Superior Ct. 565.

The tests by which to determine whether or not a foreign corporation is doing business in Pennsylvania are found in B. & L. Assn. v. Berlin, 15 Pa. Superior Ct. 393.

The property affected by the contract was within the State with a citizen of the State: Fertilizer Co. v. Kelly, 10 Pa. Superior Ct. 565; Kernchen Co. v. English, 70 Pa. Superior Ct. 293; Loughry Milling Grain Co. v. Bell, 28 Pa. Dist. R. 13.

A foreign corporation which maintains an agent within this State who solicits orders and also acts on occasion as consignee and distributor of its goods is "doing business" within the State: Delworth Bros. v. Canning Co., 26 Pa. Dist. R. 1018.

Appellee's failure to show registration in this State bars recovery on this contract: Phœnix S. Mfg. Co. v. Reilly, 187 Pa. 526.

It was not improper to admit in evidence declarations of the officers of a company to the effect that a person was agent of the company: Stewart v. Road Machine, 200 Pa. 611; Sober v. Moony, 48 Pa. Superior Ct. 92; Slonecker v. Garrett, 48 Pa. 415.

A defendant may prove a contemporaneous oral agreement, assented to by act and silence, partially performed and subsequently confirmed, which does not abrogate any part of the written agreement: Federal Sales Co. v. Farrell, 264 Pa. 149; Lineaweaver's Est., 284 Pa. 384.

Where the acts to be done by the parties are mutual, plaintiff must aver that he was ready and willing to perform his part: Douglas v. Hustead, 216 Pa. 292; Rosenblum v. Stolzenberg, 36 Pa. Superior Ct. 644.

*Robert T. McCracken*, with him *D. Arthur Magaziner*, for appellee.—Plaintiff was not a foreign corporation, doing business in this State, and, therefore, was not required to register: Williams v. Golden & Crick, 247 Pa. 397; Meaker Galvanizing Co. v. McInnes, 272 Pa. 561; Federal Glass Co. v. Lorentz, 49 Pa. Superior Ct. 585; Hall's S. Co. v. Walenk, 42 Pa. Superior Ct. 576; Wolff Dryer Co. v. Bigler & Co., 192 Pa. 466; Hovey's Est., 198 Pa. 385; Loughry Bros. v. Bell, 28 Pa. Dist. R. 13.

The authorities cited by the appellant in support of his second proposition that the cross-examination as to letters designating defendant as agent, etc., was improperly excluded, are beside the point. They deal with cases involving the fact of agency or the scope of authority which, when proved, will sustain an action against the principal.

A foreign corporation, which is transacting business in this State without proper registration, cannot bring action for the recovery of money due from a stranger with whom the corporation, or its agent, may deal: Fertilizer Co. v. Kelly, 10 Pa. Superior Ct. 565; Ice Manufacturing Co. v. Armour & Co., 12 Pa. Superior Ct. 443; Columbia Mills Co. v. Savings Co., 15 Pa. Dist. R. 987.

One who, as agent of a foreign corporation, has committed a misdemeanor, shall not profit by his wrongful act: Smith v. Blachley, 188 Pa. 550; Hovey's Est., 198 Pa. 385; Seifert v. Rusch, 269 Pa. 53.

Since the written agreement specifically enumerates the prices of all items of goods and discounts, and clearly states the time and manner of payment, evidence of a contemporaneous oral agreement affecting discounts and payment was not admissible: Gianni v. Russell, 281 Pa.

320; Davis v. Kahkwa Park Realty Co., 296 Pa. 281; U. S. Nat. Bank v. Evans, 296 Pa. 541.

OPINION BY MR. JUSTICE WALLING, February 2, 1931:

The plaintiff, International Fuel Service Corporation, is a Connecticut corporation engaged, inter alia, as a wholesale dealer in a fuel-saving electrical device known as "Coppus Combustion Control," also called "Coppus Blowers." This device is suitable for installation in public or private buildings, and, in or about 1925, the defendant, W. I. Stearns, of Philadelphia, trading as W. I. Stearns Company, began purchasing these blowers from plaintiff and installing them in various buildings in Pennsylvania and other near-by territory. By written agreement, bearing date of February 1, 1927, but executed later in the year, the plaintiff and defendant provided for a continuance of the business and defined the rights and liabilities of the parties. The contract, inter alia, gave defendant the exclusive right to sell the blowers in Pennsylvania, Delaware, Maryland and West Virginia and in certain designated counties in New York and New Jersey, for a period of five years, with the right of an earlier termination for certain stated causes. It provided for a consignment of the blowers from time to time by plaintiff to defendant and set out in detail the prices at which the blowers and the various accessories were to be furnished, also provided for monthly reports and the time of payment, when sold by defendant; title to the blowers to remain in plaintiff to secure payment, which was required within thirty days after sale by defendant, and gave him a two per cent discount if paid within ten days. The contract provided a minimum of sales that defendant was required to make during each of the five years and in default plaintiff might terminate the contract; also that plaintiff would keep defendant supplied with sufficient blowers to meet the requirements of two months' business. The defendant, under the contract, received and

sold the blowers on his own account as a jobber and not as agent for the plaintiff, who, in fact, had no office, place of business, or agent in Pennsylvania and had no voice in the sale of the goods by defendant. The only business plaintiff had in this State was with the defendant. The blowers consigned to him were delivered f. o. b. in Connecticut or Massachusetts; and, under the contract, when disposed of by him, he was charged therewith as purchaser. Defendant lagged in his reports and payments and, in October, 1928, plaintiff cancelled the contract and later brought this suit for a balance claimed for blowers sold by the defendant. The trial resulted in a verdict of $13,264.27 for plaintiff on which judgment was entered, and the defendant has appealed. The record discloses no substantial error.

The defendant urged in the lower court and here that plaintiff could not maintain its action because it had not appointed an agent or established an office in Pennsylvania as required by the Act of April 22, 1874, P. L. 108, and also had failed to comply with the Acts of June 8, 1911, P. L. 710, and of April 22, 1915, P. L. 170, so as to be qualified to sustain an action in this State. The failure to so comply was not controverted, but the question is, Did plaintiff do business in Pennsylvania? We agree with the trial court that it did not. The case hinges on the construction of the contract. Thereunder, the defendant became consignee of the blowers for sale as he saw fit, in which he acted for himself and not as agent for plaintiff. When sold, he became liable to it, not for what he received, but for the prices stipulated in the contract. It paid him neither salary, commissions, nor expenses, so he was not its agent. The business done here was done by him and not by the plaintiff through him. Under the contract, it had no need of an agent or an office in Pennsylvania and that status was never changed. Very much in point is Wolff Dryer Co. v. Bigler & Co., 192 Pa. 466, which, as summarized, holds: "A foreign corporation which has no office or place of

business in Pennsylvania, and no part of its capital invested here, may sell goods and make contracts by an agent coming into this State, and may ship the goods either directly from its factory in the state of its domicil, or upon its orders given to other manufacturers, and may sue for the price of such goods without filing the statement required by the Act of April 22, 1874, P. L. 108." And see Peoples B. & L. Assn. v. Berlin, 201 Pa. 1; Hall's Safe Co. v. Walenk, 42 Pa. Superior Ct. 576. On page 1290 of 14a C. J., it is stated: "The statutes under consideration do not become applicable to the acts of a foreign corporation in making or performing contracts of sale or factorage involving importation of goods, by reason of the fact that such contracts contain provisions regulating the conduct of the purchaser or consignee in relation to such goods, where the purchaser or consignee is not authorized thereby to act on behalf of the corporation in relation to the sale of such goods after they have lost their character as an interstate shipment. It has been held that such authority is not given by agreements extending to the purchaser an exclusive right to purchase and sell goods in a stated territory." A foreign corporation [which] forwards merchandise to a commission merchant in Pennsylvania to be sold by him is not doing business in this State: Hovey's Est., 198 Pa. 385. A foreign corporation [which] merely makes contracts for and installs fixtures in this State, made elsewhere, is not doing business in Pennsylvania: Williams v. Golden & Crick, 247 Pa. 397. There are strong reasons why a resident representative of a foreign corporation, when sued by it, should be estopped from setting up as a defense his own acts done illegally on its behalf; but if, as we conclude, neither he nor it was acting illegally, that question drops out of the case.

The contract stipulates that defendant shall be entitled to a two per cent discount on payments made within ten days, as above stated, and defendant contends that by a contemporaneous oral agreement he was en-

titled to twenty-five per cent discount. This the trial court properly rejected, for, as the written contract expressly fixed the discount, it could not be changed by oral evidence in the absence of fraud, accident or mistake, which was not alleged. See Gianni v. Russell & Co., 281 Pa. 320. Under such circumstances, a matter embraced within the writing, as was the question of discount here, cannot be changed by oral proof. That plaintiff had allowed defendant a discount of five per cent in settlements gave him no right to claim twenty-five per cent. There was no contention that a new contract was made on a new consideration; hence, conversations in alleged conflict with the written contract were properly excluded. Furthermore, it did not change the contract that defendant used or was directed to use plaintiff's advertising matter in connection with sales of the blowers; nor was it material that defendant refused to sign a contract previously prepared by plaintiff. As the contract made no provision for payment of defendant for his services as an engineer, the value he placed thereon was immaterial.

There was no error in refusing to permit defendant's counsel to cross-examine plaintiff's witness as to the contents of a letter. The letter was the best evidence of its contents and should, if important, have been offered.

The contract named a fixed price which defendant was to pay for the blowers and accessories; hence, it was immaterial what other dealers paid therefor. True, the contract contains a provision that for articles not specified therein defendant should pay the regulation price; but there is no suggestion that he received any such unspecified articles or that the deposition of McCarthy had reference thereto; hence, its exclusion was not error.

It was not shown that plaintiff had failed to perform any part of the contract, therefore the defendant's seventh request was properly refused. The other requests refer to phases of the case embraced in the above

discussion and their refusal like the refusal of a new trial and of judgment for defendant n. o. v. needs no further comment.

The judgment is affirmed.