**BOHN ALUMINUM & BRASS CORPO-
RATION, Plaintiff-Appellant,**

v.

**STORM KING CORPORATION,
Defendant-Appellee.**

**No. 14717.**

United States Court of Appeals
Sixth Circuit.

May 23, 1962.

Victor W. Klein, Butzel, Eaman, Long, Gust & Kennedy, Detroit, Mich. (Peirce Wood, Coolidge, Wall & Wood, Dayton, Ohio, on the brief), for appellant.

John Froug, Dayton, Ohio (Froug & Froug, Dayton, Ohio, on the brief), for appellee.

Before MILLER, Chief Judge, WEICK, Circuit Judge, and STARR, Senior District Judge.

WEICK, Circuit Judge.

The District Court granted Storm King's motion for summary judgment and dismissed the complaint on the ground that Bohn was a foreign corporation not authorized to do business in Ohio and was transacting intrastate business without obtaining a license from the state and therefore could not maintain the action. Ohio Revised Code Sections 1703.-

01–1703.31; Manhattan Terrazzo Brass Strip Co., Inc. v. A. Bensing & Sons, 72 Ohio App. 116, 50 N.E.2d 570 (1943); Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949); Lyon v. Quality Courts United, Inc., 249 F.2d 790 (CA 6, 1957). In dismissing the complaint, the District Court relied on the stipulation of certain facts and affidavits.

The stipulation covered only two points: (1) that the plaintiff, prior to this action, had qualified as a foreign corporation but that it had permitted this license to lapse,[1] and (2) that the contract upon which the action was based was written by the plaintiff and prepared in Detroit, Michigan and sent to the defendant at Miamisburg, Ohio. Because of disagreement, the parties subsequently met in Ohio and renegotiated the terms of the contract to the mutual satisfaction of the parties. The changed contract was prepared in Ohio.

The affidavit of Joseph A. Zissen, president of Storm King, stated that Storm King transacted business with Bohn in Ohio and entered into the contract in suit in Ohio; that Bohn has maintained an office in the Third National Bank Building in Dayton for the past twelve years; that its factory representative Charles F. Freiburger called upon Storm King on numerous occasions since 1956 to acquaint it with Bohn's products and encourage it to use them; that Freiburger surveyed the needs of Storm King and by reason of said activity the contract in suit was entered into at Dayton, Ohio; that Bohn pays the rent and clerical expenses of its offices in Ohio including the salaries of its factory representatives; that Bohn's name appears on both the general and yellow page listing of the telephone directories and on the doors of its offices and in the building directories of the buildings in various cities in Ohio where it has offices; that the factory representatives in Ohio hold themselves out as having authority to represent Bohn in transacting its business in Ohio.

The affidavit of Charles F. Freiburger stated that he is the plaintiff's sales representative and that he and another sales representative of the company share office space with an insurance company in the Third National Bank Building in Dayton paying therefor $90.00 a month; that the telephone is listed under the name of Bohn; that his and his associate's primary function is to solicit orders for Bohn products which are referred to its Detroit office for acceptance and as an incident thereto they call at the place of business of a customer who made a complaint to investigate its merits and report to Bohn; that Bohn has other sales representatives in Ohio located in Cleveland and Brecksville whose activities are substantially the same as those in the Dayton office except the one in Brecksville operates from his home.

The question whether Bohn was transacting business in Ohio must be determined by consideration of all of the facts and circumstances of the case and applying thereto the applicable law. The District Court, after reviewing the aforementioned papers, granted a summary judgment under Rule 56(c),[2] Federal Rules of Civil Procedure, 28 U.S.C.A., determining as a matter of law that Bohn was transacting business in Ohio and had not complied with Ohio law and was not entitled to maintain the present action.

Storm King contends that the maintenance by Bohn of sales offices located in the state of Ohio with resident salesmen who not only stimulated sales but took some part in the adjustment of customer's complaints, the employment by Bohn of

---

1. An affidavit of William J. Lane, secretary of the plaintiff company, filed on the same day as the District Court's order, stated that plaintiff had maintained branch offices and warehouses in Ohio, but discontinued those operations seven years prior to the commencement of this lawsuit.

2. Rule 56(c) provides in part: "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

clerical help in Ohio, the listing of Bohn's name in building, telephone and classified directories indicated activities wholly local in nature, and in addition to those which may properly be regarded as interstate in character.

It is the position of Bohn, on the other hand, that there was a genuine issue over whether it was transacting business in Ohio. It claims that its sales representatives merely solicited orders which were forwarded to out of state offices of Bohn for acceptance and that its activities were therefore interstate in character.

Bohn challenged in this Court most of the affidavit of Zissen on the ground it contained conclusions of ultimate fact and law as well as matters of which Zissen did not have personal knowledge.

■■ In ruling on a motion for summary judgment, the court must construe the evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated. 6 Moore's Federal Practice Par. 56.15(3), pp. 2123–2126.

It has been stated that: "The purpose of the hearing on the motion for such a judgment is not to resolve factual issues. It is to determine whether there is any genuine issue of material fact in dispute * * *." 6 Moore's Federal Practice Par. 56.11(1), p. 2057. See also: Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962).

The use of summary judgment has been denied in instances where there was a dispute as to the voluntariness of the plaintiff's resignation, Paroczay v. Hodges, 111 U.S.App.D.C. 362, 297 F.2d 439 (CA D.C., 1961); for the alleged violation of antitrust laws wherein it was contended that the defendant purchased a radio station and cancelled the affiliation of the plaintiff's company, Poller v. Columbia Broadcasting System, Inc., supra;

see also: Dovberg v. Dow Chemical Co., 195 F.Supp. 337 (D.C.E.D.Pa.1961) where the question related to the fair market price of the sale of gas, Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944) and where the question was whether certain employees were employees or were, because of their stockholder-director status, not employees. Hoy v. Progress Pattern Co., 217 F.2d 701 (CA 6, 1954).

■ Rule 52(a), Federal Rules of Civil Procedure provides that it is unnecessary to have findings of fact and conclusions of law on motions under Rule 56. The reason therefor is because in a motion for summary judgment, there is no question as to the facts and that a movant would be entitled as a matter of law to the granting of the motion. Lindsey v. Leavy, 149 F.2d 899 (CA 9, 1945); Prudential Insurance Company v. Goldstein, 43 F.Supp. 767 (D.C.E.D.N.Y., 1942).

In the present case, except for a short stipulation which did not cover all of the facts, we have only affidavits submitted by the parties from which conflicting inferences can be drawn.

We think that the issue of transacting business in Ohio should be determined on the trial of the case where the court will have the opportunity to consider the testimony of witnesses, instead of affidavits, and adopt findings of fact and conclusions of law. Discovery procedures will be available to obtain all necessary facts with respect to the nature and extent of Bohn's activities in Ohio.

As stated in Steiner v. Wertheimer, 250 F.2d 574, 575 (CA 6, 1957): "The factual situation should be fully developed through the usual trial procedure in the District Court, instead of summary judgment proceedings."

We express no opinion on the merits of this controversy.

The judgment of the District Court is vacated and the cause remanded for further proceedings in conformity with this opinion.