Frank BUZZELLI, Plaintiff-Appellant,

v.

MINNESOTA MINING & MANUFACTURING CO., Defendant-Appellee.

No. 72-2181.

United States Court of Appeals, Sixth Circuit.

Argued April 16, 1973.

Decided June 15, 1973.

Charles W. Chandler, Livonia, Mich., for plaintiff-appellant.

Donald M. Sell, St. Paul, Minn., for defendant-appellee; Richard E. Brink, Alexander, Sell, Steldt & DeLaHunt, St. Paul, Minn., Leslie W. Fleming, Butzel, Long, Gust, Klein & Van Zile, Detroit, Mich., on brief.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and LAMBROS, District Judge.*

PER CURIAM.

In this patent infringement suit the District Court granted summary judgment for the defendant-appellee, Minnesota Mining & Manufacturing Co. (Minnesota). Patent No. 3,464,424, owned by Frank Buzzelli, was held invalid because of obviousness and the complaint was dismissed with prejudice. Buzzelli appeals. We reverse and remand.

Prior to 1964 hair stylists used several adhesive and non-adhesive products to retain hair in a desired position while drying. Adhesive products were not favored because their nonporous backing trapped moisture, causing uneven drying, a weakening of the adhesive, and painful removal. In 1964 Frank Buzzelli, a professional hairstylist, determined that the disadvantages of adhesive products could be lessened by perforating the tape. Affidavits submitted in opposition to the summary judgment motion indicate that this theory had never been employed previously to set hair, although Minnesota long had marketed a perforated tape for medical use. Buzzel-

---

* Honorable Thomas L. Lambros, Judge, United States District Court for the Northern District of Ohio, sitting by designation.

li's development led to the issuance of the patent in issue on September 2, 1969.

When Minnesota later modified its medical tape for sale in the hairsetting market, Buzzelli brought this suit for infringement.

Summary judgment can be granted only if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56, Fed.R.Civ.P.

The standard to be applied in passing on motions for summary judgment was stated by this court, speaking through Judge Weick, in Bohn Aluminum & Brass Corp. v. Storm King Corp., 303 F.2d 425, 427 (6th Cir. 1962), as follows:

"In ruling on a motion for summary judgment, the court must construe the evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated. 6 Moore's Federal Practice Par. 56.15 (3), pp. 2123–2126.

"It has been stated that: 'The purpose of the hearing on the motion for such a judgment is not to resolve factual issues. It is to determine whether there is any genuine issue of material fact in dispute * * *.' 6 Moore's Federal Practice Par. 56.-11(1), p. 2057. See also: Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962)."

■ Several factual inquiries must first be made under 35 U.S.C. § 103. The court must ascertain the status of the particular art at the time of inven-

tion, the difference between the state of the art at that time and the claims at issue, and the level of ordinary skill in the art during the questioned period. Graham v. John Deere Co., 383 U.S. 1, 17–18, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966); Tapco Products Co. v. Van Mark Products Corp., 446 F.2d 420, 426 (6th Cir.), cert. denied, 404 U.S. 986, 92 S.Ct. 451, 30 L.Ed.2d 370 (1971); Monroe Auto Equipment Co. v. Heckethorn Manufacturing & Supply Co., 332 F.2d 406, 411–412 (6th Cir.), cert. denied, 379 U.S. 888, 85 S.Ct. 160, 13 L.Ed.2d 93 (1964).

■ Upon the basis of conflicting affidavits, the District Court resolved factual issues relating to obviousness. The determination of this issue calls for a factual inquiry regarding the experience of those skilled in the art. The affidavits are in conflict on this crucial factual question, creating a genuine issue of material fact.

We therefore hold that the District Court erred in granting summary judgment.

We find an additional ground for reversal in the standard applied by the District Court in determining the issue of obviousness. The Court held, "It is obvious to the Court, and . . . what is obvious to an ordinary person must be obvious to a 'person having ordinary skill in the art' as provided in Section 103."

■ Under § 103 a patent may not issue where the subject matter would have been obvious at the time the invention was made to one having ordinary skill in the art.[1] While this test is far from precise, we hold that the District Court erred in finding invalidity on the theory that if a development is obvious to the court, it must be obvious to a per-

---

1. 35 U.S.C. § 103 provides:
   "A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the sub-

ject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made."

son having ordinary skill in the art. As Judge Learned Hand stated:

"To judge on our own that this or that new assemblage of old factors was, or was not, 'obvious' is to substitute our ignorance for the acquaintance with the subject of those who were familiar with it." Reiner v. I. Leon Co., Inc., 285 F.2d 501, 504 (2d Cir. 1960), cert. denied, 366 U.S. 929, 81 S.Ct. 1649, 6 L.Ed.2d 388 (1961).

Reversed and remanded.