MOBIL OIL CORPORATION, a New York Corporation, Plaintiff,

v.

HENRIKSEN ENTERPRISES, INC. and Norman Oil Company, Michigan Corporations, Defendants.

No. M 79–117 CA2.

United States District Court, W. D. Michigan, N. D.

Feb. 21, 1980.

Paul M. Marin, Marquette, Mich., Dennis C. Kolenda, Varnum, Riddering, Wierengo & Christenson, Grand Rapids, Mich., for plaintiff.

Thomas Vicary, Marquette, Mich., for defendant Norman Oil.

Raoul D. Revord, Nebel & Revord, Munsing, Mich., for defendant Henriksen Enterprises, Inc.

## OPINION AND ORDER

BENJAMIN F. GIBSON, District Judge.

This action involves an attempt by Mobil Oil Corporation [hereinafter "Mobil"] to collect an overdue account with the defendant Henriksen Enterprises, Inc. [hereinafter "Henriksen"] and to recover credit card imprinters from Henriksen. Mobil first seeks to set aside a transfer of assets pursuant to a sale from Henriksen to Norman Oil Company [hereinafter "Norman"] as not being in compliance with the Bulk Sales Act. Both Henriksen and Norman have filed counterclaims alleging that Mobil is wrongfully withholding the delivery of gasoline products pursuant to the Wholesale Distributor Agreement. Henriksen further claims that Mobil is wrongfully refusing to permit credit card sales.

This Court is asked to issue a preliminary injunction filed by defendants requiring that Mobil sell gasoline products to Norman. Pursuant to a lease agreement, Henriksen seeks a preliminary injunction which would compel Mobil to permit the credit card sales. Both defendants ask this Court to grant summary judgment seeking to dismiss allegations by Mobil with respect to the Bulk Sales Act.

Mobil has previously supplied Henriksen gasoline products consisting of gasoline, heating oil, and lubricants in accordance with the Wholesale Distributor Agreement. On April 9, 1979, Henriksen sold to Norman the bulk distributor portion of its business together with the right to receive gasoline products from Mobil Oil. Paragraph 26 in the Wholesale Distributor Agreement provides as follows: "Any assignment of this contract by Buyer without Sellers written consent shall be void."

On February 2, 1979, Henriksen notified Mobil of its intention to sell the wholesale distributor portion of its business to Norman. In response to such communication, Mobil sent the following letter dated March 12, 1979:

In response to your letter, this is to advise that Mobil Oil Corporation does not desire to exercise the pre-emptive right under Paragraph 10 of the wholesale distributor agreement between you and Mobil dated November 8, 1978. Mobil hereby waives and releases you from this clause this one time in that this release is limited to the sale to Norman Oil Company, Chatham, Michigan.

It appears that in reliance thereon, Henriksen and Norman entered into the sale. It further appears that contact by Norman with representatives of Mobil tended to indicate that there was approval of the sale and that the gasoline products sold to Henriksen would be in turn sold to Norman. The record reflects that there were in fact purchases of bulk gasoline products from Mobil by Norman in the same manner as such relationship existed with Henriksen. However, it appears that the Wholesale Distributor Agreement, although executed and signed by Norman, was never signed by Mobil. Indeed, such agreement can not now be located.

At the time of the sale of the wholesale portion of Henriksen's business to Norman, Henriksen owed a substantial sum of money to Mobil. Mobil contends that this obligation should be assumed by Norman since Norman purchased a substantial portion of Henriksen's business. Mobil further contends that it would have not consented to the assignment if it had known that Norman would not assume the liabilities of Henriksen. Mobil refuses to enter into a wholesale agreement with Norman. As a consequence, a complaint was filed with the Department of Energy seeking assignment of Henriksen's gasoline allocation. The Department of Energy granted this request and ordered Mobil to continue the gasoline allocation. This order does not include heating oil or lubricants.

## PRELIMINARY INJUNCTION

Henriksen and Norman request this Court to issue a preliminary mandatory injunction which would compel Mobil to comply with the terms of the Wholesale Distributor Agreement claiming (1) that Mobil agreed to the sale, (2) that Mobil agreed to enter into a Wholesale Distributor Agree-

ment with Norman, and (3) that Mobil should be estopped from denying such relationship because of reliance by Norman upon representations and conduct by Mobil.

█ It is without dispute that in order for this Court to issue a preliminary injunction the following requirements must be considered:

(1) whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merits;

(2) whether the plaintiffs have shown irreparable injury;

(3) whether the issuance of a preliminary injunction [or denial thereof] would cause substantial harm to others; and

(4) whether the public interest would be served by issuing [or denying such] preliminary injunction.

*Mason County Medical Association v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).

█ Based on the testimony adduced at the hearing and the affidavits on file in this cause, the Court concludes that there is a substantial likelihood that the defendants will show either the existence of a contractual relationship with respect to the distribution of Mobil's products or conduct by Mobil that would lead a reasonable person to believe that such contract existed. The Court further finds that there is not an adequate remedy at law and that irreparable harm will result if the preliminary injunction is not issued. The Court takes note of the decision of the Department of Energy ordering Mobil to supply gasoline to Norman. This decision gives additional support to the Court's findings.

The question of adequate remedy at law can be dealt with by reference to the record which shows that any damages suffered by Henriksen if it did not receive the gasoline allocation that would be distributed to it by Norman, would be difficult to measure and would be speculative. The mere fact that damages would be speculative would indicate that there is not an adequate remedy at law. As stated in *Rondeau v. Mosinee Paper Corporation*, 422 U.S. 49, 95 S.Ct. 2069, 45 L.Ed.2d 12 (1975), irreparable injury is injury for which monetary damages are inadequate or *difficult to ascertain.* Likewise, in *Borman's, Inc. v. Great Scott Super Markets, Inc.*, 433 F.Supp. 343 (E.D. Mich.1975), the Court granted preliminary injunctive relief in part because of the difficulty of determining and ascertaining damages. The Court said:

> In summary, it is axiomatic that an individual seeking to have a preliminary injunction issued must show that he has or will be subjected to irreparable harm. However, an explicit showing is not required where those damages are impracticable or inadequate to ascertain.

In deciding a motion for a preliminary injunction, the Court must always keep in mind the purpose of such relief.

> A court hearing a request for a preliminary order must determine how best to create or preserve a state of affairs such that it will be able, upon conclusion of the full trial, to render a meaningful decision for either party. Only the necessity of judicial intervention for the accomplishment of this purpose justifies imposing upon the defendant the burden of conforming to an order granted after a summary proceeding.

Note, *Development in the Law—Injunctions*, 78 Harv. L. Rev. 1994, 1056 (1965).

It is for this reason that the Court may mold its decree to fit the special circumstances of each case. In fact, the United States Supreme Court has said that "it is the duty of a court of equity granting injunctive relief to do so upon conditions that will protect all—including the public— whose interests the injunction[s] may affect." *Inland Steel Co. v. United States*, 306 U.S. 153, 157, 59 S.Ct. 415, 417–418, 83 L.Ed. 557 (1939).

Although Mobil has voluntarily agreed to provide the gasoline allocation to Norman in accordance with the Department of Energy order, it has not agreed nor is it delivering heating oil and lubricants. Since this Court has concluded that injunctive relief is required with respect to the gasoline allocation, the same reasoning applies to the heating oil and lubricants.

This Court is further of the opinion than an injunction would not provide any substantial harm to Mobil since Norman is on a cash basis and the products delivered will be paid for in cash. In addition, there could be some detrimental effect to the public interest if the injunction is not granted.

■ With respect to whether or not injunctive relief is in order regarding the credit card sales, the Court notes that Henriksen and Mobil had entered into a Dealer or Distributor Equipment Lease Agreement which provides, in part, that credit card imprinters would be leased to Henriksen. The purpose of these imprinters would be to facilitate credit card sales of Henriksen. Henriksen contends that Mobil should be enjoined from denying it the use of these imprinters because a substantial portion of its sales are by credit card. It further alleges that if these imprinters are denied then it would be unable to make available to its customers the convenience of credit cards which will result in substantial reduction in business.

The lease agreement provides in part as follows:

Mobil Oil Corporation (hereinafter called company) hereby leases and Lessee hereby hires the said equipment. This lease shall continue for a period of one year from the date designated above as "effective date" and thereafter until terminated by either party on not less than 30 days written notice to the other . . .

Thus, it appears that either party may terminate this agreement by giving at least 30 days notice. This Court finds from the evidence that irreparable harm will result to Henriksen if an injunction is not issued. This Court mandates that Mobil make available the credit card imprinters in accordance with the lease agreement and that Mobil should accept the credit card sales from Henriksen in the same manner as heretofore provided under the agreement. While the Court determines that injunctive relief is granted, it does not prohibit Mobil from exercising any rights that it may have under such lease agreement including termination with the requisite notice.

## SUMMARY JUDGMENT .

■ In order for the Court to grant defendants' motion for summary judgment, the Court must find that no genuine issue of fact exists as claimed by Mobil that the transfer from Henriksen to Norman was in violation of the Bulk Sales Act. Rule 56 of Federal Rules of Civil Procedure provides in part as follows:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Therefore, to grant summary judgment, the moving party must bear the burden of clearly establishing the nonexistence of any genuine issue of fact material to a judgment in his favor. *Adickes v. S. H. Kress and Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). *United States v. Articles of Device . . . Diapulse*, 527 F.2d 1008, 1011 (6th Cir. 1976).

The Court finds and concludes from the testimony that there are genuine issues of fact that should be best left for a trial on the merits. There is the question of whether or not inventory was transferred that should best be left for full development on the record. Also, the Court takes note that Mobil has not had the opportunity to fully explore the circumstances surrounding the transfer through discovery. The Court further notes that "inferences to be drawn from the underlying facts contained in [the testimony and affidavits] must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962). Even where basic facts are not in dispute, a summary judgment is not appropriate when contrary inferences may be drawn from them. *United States v. Diebold, Inc., supra.* In addition, the Court

must be extremely hesitant to grant summary judgment without an adequate factual basis on the record. *Felix v. Young*, 536 F.2d 1126, 1135 (6th Cir. 1976).

Therefore, the Court denies the motion for summary judgment filed by defendants.

## LEAVE TO AMEND COMPLAINT

 Mobil filed an application to seek leave to amend its first amended complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. As a result, Mobil seeks judicial review of the order issued by the Department of Energy pursuant to the Emergency Petroleum Act. Mobil claims that since the defendants are seeking to enforce such order, it should be permitted to defend on the basis of the invalidity of such order. It further says that judicial economy requires that these issues be resolved in one law suit.

Rule 15(c) provides that leave to amend "shall be freely given when justice so requires." The Court concludes, based upon the pleadings and the record in this cause, that the application to amend should be granted.

## CONCLUSION

Based upon the foregoing, the Court concludes that:

1. Mobil should be enjoined from refusing to deliver the petroleum products required by the Wholesale Distributor Agreement (gasoline, heating oil and lubricants) to Norman until further order of the Court.

2. Mobil is enjoined from denying Henriksen the benefit of credit card sales in accordance with the lease agreement until further order of the Court except that Mobil is not precluded from exercising any rights that it has under such lease agreement including the termination of such agreement upon 30 days notice.

3. Motion for summary judgment filed by defendants is denied.

4. Application to amend the complaint filed by Mobil is granted.

The Court determines that this matter should be set for an early trial. Therefore, parties are to complete any and all discovery on or before March 31, 1980. A pretrial conference is scheduled for Friday, May 16, 1980 at 11:30 a. m. This matter is placed on the Court's trailer docket for June 9, 1980.

The testimony taken at the hearing in connection with the preliminary injunction shall become part of the record on trial and need not be repeated at the trial.

The Court deems proper that no security need be furnished by the defendants since it appears that no costs and/or damages will be incurred by the plaintiff as a result of the issuance of the injunctions.

IT IS SO ORDERED.