RHEA AND JUDY LITTLE BRENTWOOD SERVICE INC., et al.

v.

SHELL OIL COMPANY.

No. 3–87–0531.

United States District Court, M.D. Tennessee, Nashville Division.

Aug. 29, 1988.

John E. Rodgers, Butler, Lackey, Rodgers & Snedeker, Nashville, Tenn., for plaintiff.

William G. Lowerre, Sr. Litigation Counsel, Shell Oil Co., Houston, Tex., David C. Andrew, Anthony M. Iannacio, Baker, Worthington, Crossley, Stansberry & Woolf, Nashville, Tenn., for defendant.

MEMORANDUM

HIGGINS, District Judge.

On July 1, 1987, the plaintiffs, Rhea and Judy Little Brentwood Service Inc. (Brentwood Service), Rhea Little Jr., President, and Judy Little, Vice President, as co-owners of Brentwood Service, filed this action against the defendant, Shell Oil Company (Shell), alleging that the defendant improperly terminated the franchise agreement entered into by the parties, in violation of the Petroleum Marketing Practices Act (PMPA), 15 U.S.C. §§ 2801 *et seq.*

The plaintiffs are seeking a declaratory judgment, injunctive relief and compensato-

ry damages under 15 U.S.C. § 2801, *et seq.*, as a result of alleged violations by Shell of the PMPA. Jurisdiction is based on 15 U.S.C. §§ 2801–2806 and 28 U.S.C. §§ 1331 and 1337.

Also, on July 2, 1987, the plaintiffs filed an application for temporary restraining order to enjoin the defendant Shell from terminating the franchise agreement entered into by the parties on May 28, 1986. In accordance with an agreed order filed by the parties on July 10, 1987, the Court, on July 22, 1987, entered a preliminary injunction which was to be effective until September 30, 1987. Also, on July 22, 1987, Shell filed an answer to the plaintiffs' complaint and a counterclaim. Subsequently, on August 12, 1987, Shell filed a motion for summary judgment. On October 1, 1987, the Court entered an order continuing the preliminary injunction pending the disposition of the defendant's motion for summary judgment.

For the reasons set forth below, the defendant's motion for summary judgment is granted, and this action is dismissed.

## I.

Plaintiff Brentwood Service is organized and incorporated under the laws of the State of Tennessee, with its place of business located in Nashville, Tennessee. Plaintiffs Rhea Little Jr. and Judy Little are citizens of the State of Tennessee, and are co-owners of Brentwood Service. Defendant Shell is a Delaware corporation with its principal offices located in Houston, Texas, and area offices located in Atlanta, Georgia, and Brentwood, Tennessee. Shell is engaged in the manufacturing and sale of petroleum and automotive products and the operation of automobile service stations and motor fuel dispensing stations. The plaintiff Brentwood Service is a Shell franchise, and the plaintiffs Rhea and Judy Little are Shell franchisees.

On June 26, 1986, Rhea and Judy Little executed a Dealer Agreement and a Motor Fuel Station Lease (Lease) with Shell. Rhea and Judy Little signed for Brentwood Shell, Inc., in their official capacities as president and vice president, respectively.

On August 6, 1986, an amendment agreement was executed by the parties which changed the plaintiff's corporation name from Brentwood Shell, Inc., to Rhea and Judy Little Brentwood Service, Inc. The Lease was to run from September 1, 1986, through August 31, 1989. The Dealer Agreement and Lease constituted the terms of the franchise by Shell to the Littles.

Brentwood Services is located at Franklin Road and Old Hickory Boulevard in Nashville, Tennessee. Shell leases the land on which the service station is located from Howard Gardner, trustee for Carl P. Gardner, owner of the land in fee simple.

On April 7, 1987, the State of Tennessee filed Petitions for Condemnation of Tracts Nos. 7, 9 and 10. These three tracts of land are located in the same vicinity as the Brentwood Service tract. The documents for the condemnation proceedings were served upon Shell as being a named defendant to the condemnation proceedings. Brentwood Service was actually located on tract 8 and, at the time of the defendant's motion for summary judgment, was not subject to a condemnation proceeding by the State of Tennessee. However, the defendant, believing the land on which Brentwood Service was located was condemned, sent the plaintiffs a letter on April 7, 1987, advising them that Shell was terminating the Motor Fuel Station Lease and the Dealer Agreement, effective July 31, 1987. The plaintiffs then filed this action.

In the plaintiffs' statement of material facts in opposition to the defendant's motion for summary judgment (filed September 11, 1987) the plaintiffs disputed the defendant's contention that the land on which Brentwood Service was located had been condemned. Then, in the defendant's amended statement of material facts in support of motion for summary judgment (filed September 21, 1987), the defendant conceded that tract 8 had not been condemned by the State of Tennessee on April 7, 1987, or any time up to the filing of the amended statement of material facts on September 21, 1987.

However, the State of Tennessee filed a petition in the Circuit Court of Davidson County on September 21, 1987, for condemnation of tract 8, the land on which Brentwood Service is located. This tract is approximately 27,548 square feet. The amount of property to be taken by the State in the condemnation proceedings is about 6,778 square feet. Three underground gasoline storage tanks are located on the condemned land.

On October 1, 1987, Shell sent a supplement to its April 7, 1987, notice of termination of the Lease and Dealer Agreement advising the Littles of termination based on the September 21, 1987, condemnation proceedings by the State.

On the next day, October 2, Shell filed a copy of the State petition for condemnation and a copy of its notice to the Littles in support of its motion for summary judgment.

## II.

"[I]n ruling on a motion for summary judgment, the Court must construe the evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated. [citation omitted]. It has been stated that: 'The purpose of the hearing on the motion for such a judgment is not to resolve factual issues. It is to determine whether there is any genuine issue of material fact in dispute ...'" *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425, 427 (6th Cir.1962). As the Court of Appeals stated recently:

> Summary judgment may only be granted when the pleadings, depositions, answers to interrogatories, admissions and affidavits demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P. All facts and inferences to be drawn therefrom must be read in a light most favorable to the party opposing the motion. *Smith v. Hudson*, 600 F.2d 60, 63

(6th Cir.) *cert. denied*, 444 U.S. 986 [100 S.Ct. 495, 62 L.Ed.2d 415] (1979).

*Duchon v. Cajon Company*, 791 F.2d 43 at 46 (6th Cir.1986).

At oral argument, the plaintiffs conceded that the issue in this action, whether Shell's termination of the franchise agreement was proper under the PMPA, may be decided by this motion for summary judgment.

## III.

The plaintiffs allege that Shell's termination of the franchise agreement between Brentwood Service and Shell was a violation of the PMPA. Shell argues that termination of the franchise agreement was proper under the PMPA, 15 U.S.C. §§ 2802(b)(2)(C) and 2802(c)(5). Shell contends that the condemnation by the State of Tennessee of a portion of the land on which Brentwood Service is located is a valid reason for termination of the franchise agreement.

Congress enacted the PMPA in June of 1978 to establish " 'protection for franchisees from arbitrary or discriminatory termination ... of their franchises.' " *Bellmore v. Mobil Oil Corp.*, 783 F.2d 300, 304 (2d Cir.1986) (quoting S.Rep. No. 731, 95 Cong., 2d Sess. 15). Congress focused on nonrenewal of the franchise and its arbitrary termination, two areas of concern to service station operators. The PMPA provides that a franchisor may terminate or fail to renew a franchise for the reasons provided in the statute by giving the requisite notice. 15 U.S.C. § 2802(a). Section 2802(b)(2) deals with the grounds for termination of a franchise. The provision relied upon by Shell in terminating the Littles' franchise is § 2802(b)(2)(C) which states that a termination is permissible if based upon:

> The occurrence of an event which is relevant to the franchise relationship and as a result of which termination of the franchise or nonrenewal of the franchise relationship is reasonable, if such event occurs during the period the franchise is in effect and the franchisor first acquired actual or constructive knowledge of such occurrence—

(i) not more than 120 days prior to the date on which notification of termination or nonrenewal is given, if notification is given pursuant to section 2804(a) of this title;

15 U.S.C. § 2802(b)(2)(C)(i). Therefore, under 15 U.S.C. §§ 2802(b)(2)(C) the franchisor is allowed to terminate a franchise if an event occurs that makes termination "reasonable." 15 U.S.C. § 2802(c) defines twelve events "as a result of which termination of a franchise is reasonable." Under 15 U.S.C. § 2802(c)(5), "condemnation or other taking, in whole or in part, of the marketing premises pursuant to the power of eminent domain" constitutes such an event. Shell argues that since the State has filed a condemnation proceeding for tract 8, it is entitled to terminate the Littles' franchise as a matter of law.

■ However, the Littles argue that Shell's notification of termination was not timely under 15 U.S.C. § 2802(b)(2)(C)(i). Notification is timely if the franchisor notifies the franchisee of termination within 120 days of the franchisor's actual or constructive knowledge of the condemnation or other taking in whole or in part.

■ The plaintiffs contend that Shell had actual or constructive notice as early as February 1986, when Shell learned that the State had plans for highway construction which would require a partial condemnation of tract 8. The Court rejects the plaintiffs' interpretation of the phrase "actual or constructive notice." If the Court were to adopt the plaintiffs' construction, a franchisor would be required to give notice of termination when an event contemplated by 15 U.S.C. § 2802(c) is proposed. However, an event which is proposed, such as highway construction, may never be accomplished. Administrative procedures may delay, change, or defeat the proposal. A franchisor should not be required to take action with respect to an event which *may* occur in the future. The Court finds that actual or constructive knowledge is not acquired until a franchisor has notice that a condemnation proceeding or other taking has commenced. In this case, the condemnation proceeding began when the State filed a petition for condemnation in Circuit Court on September 21, 1987. Therefore, the Court finds that the 120–day statutory period outlined in 15 U.S.C. § 2802(b)(2)(C)(i) began to run on September 21, 1987.[1]

The notice to the Littles was mailed on October 1, 1987, and, accordingly, was timely notice under the provisions of 15 U.S.C. § 2802(b)(2)(C)(i).

### IV.

The Court finds that Shell properly terminated the franchise agreement on October 1, 1987, after the partial condemnation of the Brentwood Service property on September 21, 1987, in accordance with 15 U.S.C. § 2802(c)(5).

The Court further finds that Shell complied with the notice requirement in 15 U.S.C. § 2802(b)(2)(C)(i). Accordingly, the defendant's motion for summary judgment is granted, and this case is dismissed.[2]

An appropriate order will be entered.

---

1. The record does not reflect when the defendant received notice of the condemnation action. The Court, therefore, assumes that the defendant had notice at the earliest possible time—the date the petition was filed.

2. The Court's finding that Shell properly terminated the franchise agreement in accordance with the PMPA renders defendant's counterclaim moot.

The defendant seeks attorneys' fees and costs on the ground that the plaintiffs' action is frivolous. As the tract on which Brentwood Services is located had not been condemned at the time that the plaintiffs filed this action, the plaintiffs' action is clearly not frivolous and the defendant is not entitled to attorneys' fees and costs.