**Michael D. DAVIS**

v.

**CONNECTICUT GENERAL LIFE INSURANCE COMPANY and Cigna Corporation.**

No. 3–88–0978.

United States District Court,
M.D. Tennessee,
Nashville Division.

July 12, 1990.

R. Stephen Doughty, Nashville, Tenn., for plaintiff.

Gregory B. Tobin, Connecticut Gen. Life Ins. Co., Philadelphia, Pa., Thomas P. Kanaday, Jr., Nashville, Tenn., for defendants.

MEMORANDUM

JOHN T. NIXON, District Judge.

Pending before the Court is the defendants' motion for summary judgment.

### DISCUSSION

#### I. *Standards for Summary Judgment*

"The very reason of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Advisory Committee Notes on Rule 56, Federal Civil Judicial Procedure and Rules (West Ed.1989). Moreover, "district courts are widely acknowledged to possess the power to enter summary judgment *sua sponte* so long as the opposing party was on notice that she had to come forward with all her evidence." *Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). *Accord Routman v. Automatic Data Processing, Inc.,* 873 F.2d 970, 971 (6th Cir.1989).

In *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the United States Supreme Court explained the District Court's function in ruling upon a motion for summary judgment:

> Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.
>
> As to the materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.

> \*   \*   \*   \*   \*   \*

> More important for present purposes, summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 2510. (citations omitted).

> \*   \*   \*   \*   \*   \*

> Progressing to the specific issue in this case, we are convinced that the inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits. If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff of the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict—'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'

477 U.S. 242, 106 S.Ct. 2505 (citations omitted and emphasis added). The Supreme Court then concluded "that the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." *Id.* at 255, 106 S.Ct. at 2514.

■ Moreover, the party that opposes the motion has the burden to come forth with requisite proof to support its legal

claim, particularly where the opposing party has had an opportunity to conduct discovery. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial". *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.

■ Of course, under Rule 56(c), any affidavits based upon personal knowledge or documents, other than interrogatory answers, depositions, must be certified. The proof must be properly admissible under the Federal Rules of Evidence. It is likewise true that "[i]n ruling on a motion for summary judgment, the court must construe the evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated. [citations omitted]. It has been stated that: 'The purpose of the hearing on the motion for such a judgment is not to resolve factual issues. It is to determine whether there is any genuine issue of material fact in dispute ...'" *Bohn Aluminum & Brass Corp. v. Storm King Corp.,* 303 F.2d 425, 427 (6th Cir. 1962). As the Court of Appeals stated recently:

> Summary judgment may only be granted when the pleadings, depositions, answers to interrogatories, admissions and affidavits demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P. All facts and inferences to be drawn therefrom must be read in a light most favorable to the party opposing the motion. *Smith v. Hudson,* 600 F.2d 60, 63 (6th Cir.), *cert. denied,* 444 U.S. 986 [100 S.Ct. 495, 62 L.Ed.2d 415] (1979).

*Duchon v. Cajon Co.,* 791 F.2d 43 (6th Cir.1986) *app.* 840 F.2d 16 (6th Cir.1988)

(unpublished opinion). Civil rights actions are subject to special scrutiny on motions for summary judgment, *Tarlton v. Meharry Medical College,* 717 F.2d 1523, 1535 (6th Cir.1984); *Azar v. Conley,* 456 F.2d 1382, 1384, n. 1 (6th Cir.1972), but summary judgment is not precluded. *Alexander v. Alexander,* 706 F.2d 751, 754–55 (6th Cir.1983).

A material issue of fact is defined as "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electrical Industrial Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (citations omitted).

■ Under these holdings, three questions are to be considered upon a motion for summary judgment: (1) does the moving party present sufficient facts to establish all the elements of the claim or defense; (2) are those facts sufficient to support a jury verdict or judgment; and (3) are there any material factual issues with respect to those facts.

In a recent decision, the Court of Appeals further explained the District Court's rule in evaluating the proof on a summary judgment motion:

> A district court is not required to speculate on which portions of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim. Rule 56 contemplates a limited marshalling of evidence by the nonmoving party sufficient to establish a genuine issue of material fact for trial. This marshalling of evidence, however, does not require the nonmoving party to "designate" facts by citing specific page numbers. Designate means simply "to point out the location of." *Webster's Third New InterNational Dictionary* (1986).

Of course, the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the nonmoving party relies; but that need for specificity must be balanced

against a party's need to be fairly apprised of how much specificity the district court requires. This notice can be adequately accomplished through a local court rule or a pretrial order.

*InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir.1989).

Here, the parties have given specific references to the proof upon which they rely. Local Rule 8(b)(7)(a) and (c) require a showing of undisputed and disputed facts.

Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on filed, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.... *[W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim.*

*Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553 (emphasis added).

## II. The Defendants' Motion for Summary Judgment

■ The defendants move for summary judgment on the plaintiff's claim for breach of contract against the defendants for the defendants' failure to conduct an internal job search.

The defendants contend that the "internal job search" policies, on which the plaintiff bases his claim, set forth no specific language which could remotely be construed as guaranteeing or providing for a definite term of employment or guaranteeing any policy or practice. Because there was no guarantee of continuing employment or re-employment, the defendants argue that the plaintiff was an employee-at-will who could be fired for any or no reason. The defendants finally argue that since no breach of the plaintiff's contract of employment could have occurred by the plaintiff's termination, that even if there was a breach of the "internal job search" that no breach of the plaintiff's employment contract resulted.

The plaintiff alleges in essence that on January 28, 1988 the plaintiff's supervisor, Mr. Lombardi, made an offer to the plaintiff which the plaintiff accepted. The plaintiff contends that this offer and acceptance resulted in a new agreement. The plaintiff alleges that the defendants offered to maintain the plaintiff's eligibility under the defendant's Work Force Management Policies and to conduct an "internal job search," including the Nashville office, for the plaintiff if the plaintiff would agree to take part in an internal job search, submit to interviews, and accept employment if it was offered. The plaintiff alleges that defendants told the plaintiff that the plaintiff's refusal to accept the offer would adversely affect the plaintiff's Work Force Management benefits. The plaintiff finally asserts that based upon the inducements and representations of the defendants, the plaintiff accepted the offer of the defendants and agreed to take part in the "internal job search."

Taking the facts in the light most favorable to the non-moving party, the plaintiff, the Court finds that genuine issues of material fact exist as to whether there was an offer and acceptance which created a new agreement between the plaintiff and the defendants thus modifying the plaintiff's employment contract with the defendants. The defendants are correct that this alleged new agreement did not convert the plaintiff from an employee-at-will to an employee for a definite term. However, the defendants are incorrect in asserting that the defendants could not have breached the plaintiff's contract of employment by failing to conduct an "internal job search."

■ Tennessee law recognizes that contracts impose upon each party a duty of good faith and fair dealing. *TSC Industries, Inc. v. Tomlin*, 743 S.W.2d 169 (Tenn.App.1987); *Covington v. Robinson*, 723 S.W.2d 643 (Tenn.App.1986); *SAS Institute, Inc. v. S & H Computer Systems*, 605 F.Supp. 816 (M.D.Tenn.1985). The plaintiff alleges, and has presented evidence which suggests, that the defendant did not undertake an "internal job search"

in good faith. The Court finds that genuine issues of material fact exist as to whether the defendants conducted the "internal job search" in good faith. Therefore, the Court DENIES the defendants' motion for summary judgement on the plaintiff's claim that the defendants breached their contract with the plaintiff by failing to conduct an "internal job search" in good faith.