## GENLYTE THOMAS GROUP LLC, Plaintiff,

### v.

## NATIONAL SERVICE INDUSTRIES, INC., et al., Defendants.

### No. CIV.A.3:00CV–174–S.

United States District Court, W.D. Kentucky at Louisville.

March 6, 2003.

James R. Higgins, Jr., Jeffrey A. Haeberlin, Middleton & Reutlinger, Louisville, KY, Thomas Patrick O'Brien, III, Frost Brown Todd LLC, Louisville, KY, Gerald C. Willis, Cassidy, Shade & Gloor, Chicago, IL, George P. McAndrews, James R. Nuttall, Matthew G. McAndrews, Gerald C. Willis, Jr., John L. Abramic, Dennis P. Hackett, Heather A. Bjella, McAndrews, Held & Malloy, Chicago, IL, for Plaintiff.

Mary Janice Lintner, Lynch, Cox, Gilman & Mahan, P.S.C, Louisville, KY, Peter B. Bensinger, Steven J. Nachtwey, Steven E. Derringer, Bartlit Beck Herman Palenchar & Scott, Chicago, IL, for Defendants.

### MEMORANDUM OPINION

SIMPSON, District Judge.

This matter is before the court on motion of the plaintiff, Genlyte Thomas Group LLC, for partial summary judgment that the patent-in-suit is not anticipated, invalid for failure to comply with 35 U.S.C. § 112, or unenforceable (DN 80).

A party moving for summary judgment has the burden of showing that there is an absence of evidence to support the non-moving party's case." *Crown Operations International, Ltd. v. Solutia Inc.*, 289 F.3d 1367, 1377 (Fed.Cir.2002)(*citing, Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. *Id.* The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Little Caesar Enterprises, Inc. v. OPPCO, LLC*, 219 F.3d 547, 551 (6th Cir.2000); *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir.1962). Summary judgment is "as appropriate in a patent case as in any other. [citations omitted]." *Avia Group International, Inc. v. L.A. Gear, Inc.*, 853 F.2d 1557, 1561 (Fed. Cir.1988).

### I. Anticipation

The court ruled in a recent opinion that Underwriters Laboratory ("UL") design and safety standard 1571 does not antici-

pate the invention of United States Patent No. 5,057,979 (the " '979 patent")(DN 159). Therefore, Genlyte is entitled to summary judgment on its own motion that the '979 patent is not anticipated by UL 1571.

## II. Invalidity under 35 U.S.C. § 112

The defendants, National Service Industries, Inc., et al. (hereinafter collectively "Lithonia"[1]), asserted an invalidity defense under 35 U.S.C. § 112 in their answer to the complaint. Section 112 sets forth requirements for the written description in a patent:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention. The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

Section 112 has been held to require: (1) that the written description must describe the claimed invention so that one skilled in the art can recognize the invention claimed, *Enzo Biochem, Inc. v. Gen–Probe, Inc.*, 296 F.3d 1316, 1328 (Fed.Cir.2002); *Johnson Worldwide Associates, Inc. v. Zebco Corp.*, 175 F.3d 985, 993 (Fed.Cir. 1999); (2) that the written description be sufficient to allow one skilled in the art to make or practice the claimed invention without undue experimentation, *Johns Hopkins University v. CellPro, Inc.*, 152 F.3d 1342, 1359 (Fed.Cir.1998)(citing, *Gen-*

*entech, Inc. v. Novo Nordisk A/S*, 108 F.3d 1361, 1365 (Fed.Cir.1997); (3) that the written description set forth the best mode contemplated by the inventor of carrying out the invention at the time of the filing of the application, such that one skilled in the art could practice it, *Eli Lilly Co. v. Barr Laboratories, Inc. .*, 251 F.3d 955, 963 (Fed.Cir.2001); *Bayer AG v. Schein Pharmaceuticals, Inc.*, 301 F.3d 1306,1314 (Fed. Cir.2002); and (4) that the claims set forth what the applicant regards as his invention, and do so with sufficient definiteness that one skilled in the art would understand the bounds of the claims when read in light of the specification. *Allen Engineering Corp. v. Bartell Industries, Inc.*, 299 F.3d 1336, 1348 (Fed.Cir.2002); *Shatterproof Glass Corp. v. Libbey–Owens Ford Co.*, 758 F.2d 613, 624 (Fed.Cir.1985).

Genlyte contends that the only § 112 challenge properly before this court is Lithonia's assertion that claim 17 of the '979 patent[2] is vague and indistinct in its use of the terms "molded," "hangerways," and "plastic."

Lithonia has not offered an argument on vagueness in its responsive brief concerning the use of the terms "molded" and "hangerways." In fact, Lithonia's expert, Mark E. Jennings, provided an articulate explanation of the meaning of these terms from his perspective as one skilled in the art, and indicated that the terms are part of "recessed lighting terminology." Jennings depo., pgs. 167–68. Genlyte is entitled to summary judgment as to the use in claim 17 of these two terms.

■ Lithonia urges that the use of the term "plastic" is overbroad and attempts to claim the entire universe of plastics. It

---

**1.** The caption utilizes the first-named defendant in the Second Amended Complaint. However, for purposes of clarity in this opinion, the defendants will be referred to collectively as "Lithonia," the company through

which the accused products were manufactured and sold.

**2.** Claim 17 of the '979 patent is the only claim in issue in this case.

quotes at length from *The Condensed Chemical Dictionary* (10th Ed.) to illustrate that numerous types of plastics exist. This point can hardly be disputed. Lithonia has not offered any evidence to support its suggestion that one skilled in the art would not understand the bounds of the claim. Rather, it postulates absurd rhetorical questions such as, "Would GTG seriously consider that its plastic support frame could perhaps be manufactured from "soft waxes" or "moist clays" as described in the very first paragraph of the Chemical Dictionary?" Clearly, one skilled in the in the art[3] would be familiar with the variety of plastics utilized in this industry, and would not feel compelled to mold ceiling fixtures out of wax. Nothing more need be said on this unavailing argument. Summary judgment will be granted in favor of Genlyte on this point.

Genlyte contends that the remaining § 112 challenges should not be considered by the court inasmuch as Lithonia did not address these matters during discovery.

Lithonia responded to interrogatories concerning its § 112 defenses, raising only the purported indefiniteness of the three terms discussed above. (See, August 20, 2001 responses by Lithonia). Fact discovery closed in this case on July 31, 2002. Expert discovery was extended a number of times, and closed on December 31, 2002. The deadline for the filing of dispositive motions was August 8, 2002 at which time Genlyte filed the present motion. Lithonia responded to the motion on September 11, 2002, arguing insufficiency in the written description, without having amended or supplemented its answers to interrogatories on these matters. Lithonia offers no explanation in its brief for failing to do so, but states that Genlyte was "on notice" of

its position by virtue of a general assertion of lack of compliance with § 112 contained in its answer.

■ We conclude that these additional § 112 challenges should not be considered by the court in light of Lithonia's failure to provide any discovery to Genlyte concerning them. Fed.R.Civ.P. 26(e) provides that

> A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:

> ...(2) A party is under a duty to seasonably amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional information has not otherwise been made known to the other parties during the discovery process or in writing.

Lithonia has simply failed to comply with this rule.

Were these additional arguments under § 112 properly before us, however, we would conclude on a merits determination that Genlyte is entitled to summary judgment.

Lithonia urges that the written description in the '979 patent is insufficient and does not enable one skilled in the art to make or practice the invention without undue experimentation. This argument is a variant on the indefiniteness argument, suggesting that the term "plastic" is too

---

**3.** Genlyte cites the expert report of Bruce A. Pelton, an expert for Lithonia, who states that one skilled in the art would have had knowledge of materials including plastics, processing, thermodynamics and manufacturing practice. Lithonia has not contested this evidence.

general to be useful. The contention is unsupported by any evidence in the record. Lithonia has not come forward with any evidence to establish that a genuine issue of fact exists on these aspects of its defense of insufficiency in the written description, under § 112.

■ The final contention concerning the written description is that it fails to set forth the best mode contemplated by the inventor of carrying out the invention at the time of the filing of the application for patent. Lithonia urges that since Underwriters Laboratory requested that Genlyte use a material other than Polyman 509 referenced in the preferred embodiment, and that Genlyte thereafter manufactured its fixture out of a substance known as Noryl, Genlyte did not provide the best mode in its description.

The deposition of Raymond Kusmer, the inventor, was taken in 2001. He testified[4] that at the time of the filing of the application for patent, the intention of Genlyte was to manufacture their fixture utilizing Polyman 509, and that the fixture was submitted in that substance to Underwriters Laboratory. Noryl had not been considered at the time of the application. Lithonia has offered nothing to call this evidence into question. Therefore, summary judgment will be granted in favor of Genlyte concerning disclosure of the best mode of practice of the invention.

Summary judgment will be granted in favor of Genlyte on Lithonia's invalidity defenses under § 112.

### III. Unenforceability

Genlyte seeks summary judgment that the '979 patent is not unenforceable due to its failure to cite UL 1571 or United States Patent No. 4,475,147 (the " '147 patent") to the patent examiner during prosecution of the patent application.

Lithonia has offered no argument in its responsive brief concerning the '147 patent. As there appears to be no challenge in this regard, summary judgment will be granted in favor of Genlyte as to the '147 patent.

■ Lithonia contends that UL 1571 was material prior art which Genlyte had a duty to disclose to the examiner. "Inequitable conduct resides in failing to disclose material information, or submission of false material information, with an intent to deceive, and those two elements, materiality and intent, must be proven by clear and convincing evidence. [citations omitted]." *Kingsdown Medical Consultants, Ltd. v. Hollister, Inc.*, 863 F.2d 867, 872 (Fed.Cir.1988). Information is material "when there is a substantial likelihood that a reasonable examiner would have considered the information important in deciding whether to allow the application to issue as a patent.... If the information allegedly withheld is not as pertinent as that considered by the examiner, or is merely cumulative to that considered by the examiner, such information is not material." *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1179 (Fed.Cir.1995)(citing, *Scripps Clinic & Research Foundation v. Genentech, Inc.*, 927 F.2d 1565 (Fed.Cir.1991)). Lithonia has offered no evidence concerning intent to deceive the Patent and Trademark Office. It contends, however, that intent to deceive may be inferred from the egregiousness of the omission of the prior art refer-

---

4. Kusmer's deposition testimony on this point was corrected via an errata sheet. He indicated that he was unclear at the time of his deposition regarding the filing date of the application and the date of issuance of the patent. There has been no suggestion by Li-thonia that this errata sheet was improperly made. Proper corrections are permitted under the rules of discovery. Fed.R.Civ.P. 30(e). Kusmer's corrected testimony will be utilized herein.

ence. Intent to deceive is an independent element of inequitable conduct. *Hupp v. Siroflex, Inc.,* 122 F.3d 1456, 1465 (Fed.Cir.1997)(citing, *Kingsdown, supra.*)). However, direct evidence of deceptive intent is rare. It may be inferred from the totality of the circumstances in a given case, taking note of the materiality of an omitted reference, knowledge, and surrounding circumstances. *Amgen, Inc. v. Chugai Pharmaceutical Co. Ltd.,* 927 F.2d 1200, 1218 (Fed.Cir.1991).

■ The earlier opinion of this court concerning anticipation (DN 159) set out in detail our findings concerning UL1571. We concluded that the various subsections of the standard did not anticipate a molded plastic plaster frame and hangerways device. We found that the use of plastics in light fixtures was taught generally, but did not find that the molding of a plaster frame and hangerways unit was suggested in any other section of the publication. Therefore, we conclude here that UL 1571 was not material prior art for the '979 patent, or, at a minimum, that UL 1571 was cumulative of the patent to Campolo (United States Patent No. 4,684,223), considered by the patent examiner, which teaches the use of plastic parts in recessed light fixtures.

In light of our determination that UL 1571 was not material prior art, we need not reach the question of deceptive intent. However, had we determined that UL 1571 should have been disclosed, we would not find that it was of such materiality that its omission would suggest an intent to deceive the Patent and Trademark Office. Lithonia has offered no direct evidence to suggest deceptive intent. Its claim of inequitable conduct could not be made out lacking such evidence, were disclosure warranted.

Summary judgment will be granted in favor of Genlyte on the claim of Lithonia of unenforceability of the '979 patent.

For the reasons set forth herein the motion of Genlyte for partial summary judgment will be granted by separate order.

### ORDER

Motion having been made and for the reasons set forth in the memorandum opinion entered herein this date and the court being otherwise sufficiently advised, IT IS HEREBY ORDERED AND ADJUDGED that the motion of the plaintiff, Genlyte Thomas Group LLC, for partial summary judgment that the patent-in-suit is not anticipated, indefinite, or unenforceable (DN 80) is GRANTED.