CROFT et al. v. GENTRY et ux.—232 S. W. (2d) 424.

Eastern Section. May 25, 1949.

Petition for Certiorari denied by Supreme Court, October 7, 1949.

596

R. R. Kramer, of Knoxville, and Chas. C. Guinn, of Etowah, and Frank Boyd, of Athens, for appellants.

R. A. Davis, of Athens, for appellees.

HOWARD, J. The bill was filed in this cause by complainants in the Chancery Court of McMinn County to rescind a contract by which they became purchasers of certain real estate at an auction sale. Defendants, as the sellers of said land, are charged with fraudulent misrepresentations in that they represented that the title was good when in fact there was a defect in title as to a certain portion of the land. The Chancellor held that there was no fraud in connection with the sale, that the value of the

affected part was so small as to be inconsequential, and accordingly dismissed the bill. We find no error in the decree.

Complainants, at an auction sale conducted by agents of defendants, became the purchasers of ten lots of a subdivision in Etowah, Tennessee. Bids were induced by a plat furnished to all prospective bidders before the auction. The plat shows that Lots 1 through 10, which complainants bought, front McCroskey Highway on the west and the L. & N. Railroad Company's right-of-way on the east. It also shows the size of the various lots. Four of them contained more than one acre each, and the remaining six were fifty feet in width and varied from one hundred thirty-one to three hundred ninety feet in depth. The ten lots contain a five-room dwelling house, a large barn and a large mercantile store building, all shown by the proof to be substantial buildings, on a paved highway and within close proximity to the Town of Etowah. The amount of complainants' bid was $15,-905.00, payable $5,301.66 in cash and the balance in three equal installments. Defendants conveyed the lands to complainants by general warranty deed and the three installment notes were executed. Complainants thereupon entered into possession of all of the lands covered by the general warranty deed and were in possession at the time the case was heard below. They conducted a business in the store building, used the barn, and one of them occupied the dwelling house as his home.

After complainants went into possession, it was discovered that eight-tenths of an acre on the east side, lying adjacent to the right-of-way of the L. & N. Railroad Company, had been leased from the Railroad Company by defendants upon payment of rental amounting to $1.00 per year. The Railroad Company by condemnation pro-

ceedings in 1905 obtained its right-of-way through this and other lands for railroad purposes, and at the particular point involved in this eight-tenths of an acre, the right-of-way was widened from the customary fifty feet on each side of the center line. This accounted for the charge that the title had failed to this eight-tenths of an acre. This small tract was low, swampy, with no year around water supply, and was valued at about $150.00. The railroad fill adjacent to it was eighteen feet higher than its level. It was complainants' insistence that the property was purchased with a view of using this particular portion of the ground for spur track purposes or for watering stock. It is the alleged failure of title to this small tract of eight-tenths of an acre which forms the basis for this suit.

After the lease from the railroad company to defendants was discovered, defendants obtained a quitclaim deed from the Railroad Company to themselves covering this small tract. No one has disputed complainants' title to any of the lands, including the eight-tenths of an acre, and they have continued in uninterrupted possession. For a while a portion of the eight-tenths of an acre was leased by them as a saw mill site, and they have collected a rental of $10.00 per month for its use.

"The general rule undoubtedly is that a vendee's remedy for a defective or incumbered title, in the absence of fraud or insolvency of the vendor, is not rescission, but an action upon the covenants of his deed, where the contract is an executed one." Cross v. Buskirk-Rutledge Lumber Company, 139 Tenn. 79, 201 S. W. 141, 142, Ann. Cas. 1918D, 983; Kansas City Land Co. v. Hill et al., 87 Tenn. 589, 11 S. W. 797, 5 L. R. A. 45; 55 Am. Jur., Sec. 598, p. 990.

Fraud in the failure of title is the only allegation upon which complainants rely.

It is our opinion that the material inducements to the purchasers of the property were the frontage of the highway, the house, the barn, and the mercantile building with its stock in trade, which was purchased by separate agreement, and that the eight-tenths of an acre involved was not such a material inducement to the purchase and was not of such a substantial nature either in value or amount as to cause a defect in title for which relief should be given in a Court of Equity. The use and enjoyment of the remainder of the tract is not affected by this eight-tenths of an acre. The buildings, the highway frontage and the business sites may be used untouched and unhampered by any defect in the title to this small part.

 As stated above, defendants conveyed to complainants by a general warranty deed covering all of the property including the eight-tenths of an acre. The Railroad Company quitclaimed any interest in the eight-tenths of an acre to defendants and through its general warranty this inured to the benefit of complainants. The rights acquired by the Railroad under its condemnation proceedings were merely an easement or right-of-way for railroad purposes. The underlying fee remained in the adjoining property owner. Southern Railway Co. v. Vann, 142 Tenn. 76, 216 S. W. 727.

The quitclaim deed was therefore nothing more than a confirmation of a pre-existing title in them.

██ Assuming that the title had failed entirely as to this eight-tenths of an acre, we feel that the reasonable enjoyment and use of the remainder for the purposes for which it was intended has not been affected and that the value is so small and inconsequential in comparison with

the whole that a case for rescission has not been made. 55 Am. Jur. Sec. 599, p. 992.

██ Nor have complainants suffered any loss. They went on the property under a general warranty deed, they have used it, rented it out and no one else is claiming it or threatening them with eviction. They have enjoyed its use completely. The Railroad Company has disclaimed any interest to it by way of quitclaim deed which inures to the benefit of complainants. They have therefore suffered no injury. There can be no relief against fraud which is not operative and which in its effects produces no injury or loss to the party seeking redress on account of it. Cunningham v. Edgefield & Kentucky Railroad Co., 39 Tenn. 23; 23 Am. Jur. Sec. 173, p. 987; Nance v. McClellan, Tex. Com. App., 89 S. W. (2d) 774, 106 A. L. R. 117; Pomeroy's Equity Jur., 4th Ed., Sec. 898(a).

The decree of the Chancellor is therefore affirmed. Appellants and the sureties on their cost bond will pay all costs of the appeal.

McAmis and Hale, JJ., concur.