AMC MORTGAGE COMPANY, INC., A Florida Corporation, and Donald R. O'Guin, Sr., Individually and as President of AMC Mortgage Company, Inc.

v.

RESOLUTION TRUST CORPORATION, As Receiver for Metropolitan Federal Savings and Loan, Nashville, Tennessee, and Mundaca Investment Corporation, A Tennessee Corporation.

No. 3:93–0158.

United States District Court,
M.D. Tennessee,
Nashville Division.

Feb. 23, 1994.

Herman Davis Bradley, Alice M. Bradley Essary, Gina L. Zylstra, Nashville, TN, for plaintiffs.

Herbert Marshall Greene, Alvin L. Harris, Nashville, TN, for defendant Mundaca Inv. Corp.

William E. Long, Nashville, TN, for RTC as Receiver.

## MEMORANDUM

JOHN T. NIXON, Chief Judge.

Pending before the Court are defendant Mundaca Investment Corporation ["Mundaca"]'s Motion For Summary Judgment (Doc. No. 24), filed on October 12, 1993, to which plaintiffs filed an Opposition (Doc. No. 28) on November 15, 1993, and Reply (Doc. No. 51) on January 24, 1994; and defendant Resolution Trust Corporation as Receiver ["RTC Receiver"]'s Motion To Dismiss and/or Motion For Summary Judgment (Doc. No. 44), filed on January 12, 1994. On January 24, 1994, the Court heard Oral Argument from the parties on defendant Mundaca's Motion. On February 4, 1994, plaintiffs filed a Response and Opposition To The Motion To Dismiss and/or For Summary Judgment Filed On Behalf Of RTC Receiver (Doc. No. 54). In accordance with the reasoning set forth below, the Court hereby grants the defendants' respective Motions and dismisses the instant action.

## I. BACKGROUND

Plaintiffs AMC Mortgage Company, Inc. ["AMC"], and Donald R. O'Guin, Sr. ["O'Guin"], bring suit for damages they allegedly suffered as a result of actions taken by defendants in connection with the offer and sale of certain notes which plaintiffs originally negotiated through Metropolitan Federal Savings & Loan Association of Nashville, Tennessee ["Metropolitan Federal"]. (Compl., Doc. No. 1, at 2.) Plaintiffs assert that certain former employees of Metropolitan Federal and/or the RTC as Receiver for Metropolitan Federal became employed by Mundaca after having obtained confidential information about plaintiffs' notes, and that the former employees unlawfully used such confidential information in securing plaintiffs' notes for Mundaca. (Id. at 2, 9–11.)

Plaintiffs allege that defendants' actions constituted an unlawful breach of fiduciary duty, fraud, self-dealing, conflicts of interest, use of confidential inside information for private gain, use of public office for private

gain, and breach of the covenant of good faith and fair dealing. (Doc. No. 1, at 2.) Plaintiffs assert that they have suffered injury in not receiving the same opportunity to bid for their notes as Mundaca, and that both Mundaca and RTC Receiver have unlawfully failed to observe certain understandings that existed between plaintiffs and Metropolitan Federal, in breach of the original agreement. (*Id.* at 6, 9.)

The relevant facts are as follows. On October 14, 1988, AMC obtained a secured line of credit from Metropolitan Federal, in the total amount of $200,000.00. (Doc. No. 1, at 3.) O'Guin was required to guarantee this credit in both his individual capacity and his position as President of AMC. (*Id.*) Upon renewing its secured line of credit with Metropolitan Federal, AMC was required to divide the original note into two notes. (*Id.* at 3–4.) On February 26, 1990, AMC and O'Guin executed two notes, for $100,000.00 and $94,663.87. (*Id.* at 4.)

In April 1991, Metropolitan Federal was placed in receivership, and RTC Receiver assumed control of Metropolitan Federal's assets and liabilities. (Doc. No. 1, at 5.)

On January 27, 1992, AMC and O'Guin offered to transfer to RTC Receiver the ownership of mortgages valued at $139,077.09, which were held by RTC Receiver as collateral for AMC's secured line of credit. (Doc. No. 1, at 5.) The transfer would have satisfied AMC's then total outstanding balance owed to RTC Receiver for the original secured line of credit AMC obtained from Metropolitan Federal. (*Id.*) On March 6, 1992, AMC and O'Guin submitted a written offer of payment to RTC Receiver. (*Id.*) Both the January 27, 1992, and March 6, 1992, offers were rejected. (*Id.*)

Upon being invited to submit an offer for payment in cash to RTC Receiver, AMC and O'Guin submitted an offer on March 10, 1993, to provide a cash payment in the amount of eighty percent (80%) of the outstanding unpaid balance on both notes. (Doc. No. 1, at 5–6.) RTC Receiver rejected the offer on March 19, 1992. (*Id.* at 6.)

On March 25, 1992, AMC and O'Guin allege that RTC Receiver refused to honor the original agreement between Metropolitan Federal, AMC and O'Guin. (Doc. No. 1, at 6.) Further, RTC Receiver stated that it would not renew the smaller note, but would require monthly payments of principal and interest for a one-year period. (*Id.*) Plaintiffs allege that their original agreement included the understanding that, in the event the line of credit were discontinued, the plaintiffs would be permitted to satisfy any unpaid balance over a period of thirty-six (36) months in equal monthly installments of principle and interest. (Pl.'s Reply Supp.Mem. Supp.Summ.J., Doc. No. 51, at 3.)

Subsequently, AMC and O'Guin received notice from RTC Receiver that the line of credit was in default. (Doc. No. 1, at 6.) AMC and O'Guin state that they offered again to submit a cash payment of eighty (80) percent of the then outstanding unpaid balance on the line of credit, but that the offer was rejected by RTC Receiver on June 24, 1992. (*Id.*) On June 26, 1992, AMC and O'Guin paid RTC Receiver $11,111.12, proposed to pay an equal amount on July 26, 1992, and proposed to pay monthly payments of $2,777.78 thereafter. (Pl.'s Brief Opp'n RTC Receiver's Mot. Dismiss and/or Summ. J., Doc. No. 55, at 8.)

On August 31, 1992, the RTC notified AMC and O'Guin that their notes had been sold by the RTC to Mundaca Investment Corporation ["Mundaca"] in a sealed bid public auction. (Brief Opp'n, Doc. No. 55, at 9; Br.Supp. RTC Receiver's Mot.Summ.J., Doc. No. 48, at 3.) AMC and O'Guin submitted requests to the RTC for disclosure of the discount rates at which their notes were sold to Mundaca. (Doc. No. 1, at 7.) On December 17, 1992, the RTC informed AMC and O'Guin that the notes were sold to Mundaca at a discounted rate of fifty-five (55) percent. (*Id.* at 8.)

On February 26, 1993, AMC and O'Guin filed this federal action, naming RTC Receiver and Mundaca as defendants. (Doc. No. 1.) Plaintiffs subsequently amended their Complaint to add the RTC in its Corporate Capacity ["RTC Corporate"] as defendant. (Amended Compl., Doc. No. 10.) On April 23, 1993, plaintiffs filed Notice with the Court of their voluntary dismissal of RTC Receiver

as a defendant. (Pl.'s Notice of Dismissal, Doc. No. 8.)

Defendants RTC Receiver and RTC Corporate filed a Motion For Summary Judgment on June 25, 1993, asserting that plaintiffs' claims against RTC Receiver should be dismissed for failure to exhaust administrative remedies and plaintiffs' claims against RTC Corporate should be dismissed under Fed.R.Civ.P. 12(b)(6) for failure to state a claim. (RTC's Mot.Summ.J., Doc. No. 13.)

On October 12, 1993, Mundaca filed its Motion For Summary Judgment on plaintiffs' claims against Mundaca, as well as on Mundaca's counterclaim for money owed by plaintiffs on the notes. (Mundaca's Mot.Summ.J., Doc. No. 24.) Mundaca admits that four of its employees, Edwin Lozier, Douglas Nelson, Kathy McGehee, and Randell Frey, were employed formerly by the RTC and/or Metropolitan Federal. (Supp.Mem. Supp. Summ.J., Doc. No. 37, 1–2.) However, Mundaca claims that none of the four employees ever had any contact with plaintiffs. (*Id.*)

On December 7, 1989, plaintiffs filed a Motion to Amend their Complaint to add once again RTC Receiver as a defendant in this action. (Mot.Amend Compl., Doc. No. 33.)

By Memorandum and Order entered on January 12, 1994, the Court granted RTC Corporate's Motion For Summary Judgment and dismissed plaintiffs' claims against RTC Corporate. (Doc. Nos. 49, 50.) The Court denied RTC Receiver's Motion For Summary Judgment, however, after finding that plaintiffs had exhausted administrative remedies. (Mem., Doc. No. 49, at 5.)

On January 12, 1994, RTC Receiver filed a Motion To Dismiss and/or For Summary Judgment. (Mot. Dismiss, Doc. No. 44.)

On January 24, 1994, the Court heard Oral Argument from the parties on defendant Mundaca's Motion For Summary Judgment.

## II. STANDARD OF REVIEW

### A. *Motion For Summary Judgment*

Rule 56(c) of the Federal Rules of Civil Procedure provides in part that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The Advisory Committee for the Federal Rules has noted that "[t]he very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Advisory Committee Notes on Rule 56, Federal Civil Judicial Procedure and Rules (West Ed.1990).

An alleged factual dispute existing between the parties is not sufficient to defeat a properly supported summary judgment motion; there must be a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The substantive law involved in the case will underscore which facts are material and only disputes over outcome determinative facts will bar a grant of summary judgment. *Id.,* 477 U.S. at 248, 106 S.Ct. at 2510.

While the moving party bears the initial burden of proof for its motion, the party that opposes the motion has the burden to come forth with sufficient proof to support its claim, particularly when that party has had an opportunity to conduct discovery. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). It is true, however, that "[i]n ruling on a motion for summary judgment, the court must construe the evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated." *Bohn Aluminum & Brass Corp. v. Storm King Corp.,* 303 F.2d 425, 427 (6th Cir.1962) (citations omitted).

To determine if a summary judgment motion should be granted, the court should use the standard it would apply to a motion for a directed verdict under Rule 50(a) of the Federal Rules of Civil Procedure. *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511.

The court must determine that a reasonable jury would be unable to return a verdict for the non-moving party in order to enter summary judgment. *Id.,* 477 U.S. at 249, 106 S.Ct. at 2511. Thus, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1478 (6th Cir.1989) (citations omitted).

### B. *Motion To Dismiss*

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests whether a cognizable claim has been pleaded in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988). The standard for reviewing a Fed.R.Civ.P. 12(b)(6) dismissal is that the factual allegations in the complaint must be regarded as true, and "the claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983), *cert. denied,* 469 U.S. 826, 105 S.Ct. 105, 83 L.Ed.2d 50 (1984)).

▮▮ When a motion to dismiss is accompanied by matters outside the pleadings, the district court may exercise its discretion to consider such matters and decide the motion as one for summary judgment under Fed. R.Civ.P. 56. *Scheid,* 859 F.2d at 436.

### III. *ANALYSIS*

#### A. *Mundaca's Motion For Summary Judgment*

Mundaca requests summary judgment on plaintiffs' claims against Mundaca, as well as on Mundaca's counterclaim against plaintiffs.

#### 1. *Plaintiffs' claims against Mundaca*

Plaintiffs allege that the actions of Mundaca in acquiring plaintiffs' notes from RTC Receiver constituted an unlawful breach of fiduciary duty, fraud, self-dealing, conflicts of interest, use of confidential inside information for private gain, use of public office for private gain, and unlawful breach of the covenant of good faith and fair dealing. Further-

more, plaintiffs assert that Mundaca committed such actions while acting in concert with RTC Receiver.

Because the Court finds no basis in the record for plaintiffs' claims alleging breach of fiduciary duty or breach of the covenant of good faith and fair dealing, the Court dismisses those claims. The Court now turns to plaintiffs' remaining claims, which the Court determines to be conspiracy and fraud.

#### a. *Conspiracy, fraud in the purchase and sale of the notes*

▮▮ In order to establish an action for civil conspiracy, it is well-settled that there must be a combination between two or more persons to accomplish by concert an unlawful purpose, or to accomplish a lawful purpose by unlawful means. *Koehler v. Cummings,* 380 F.Supp. 1294, 1313 (M.D.Tenn.1974) (citations omitted). Moreover, no cause of action will exist unless an injury to a person or property results from the alleged conspiracy. *Id.*

▮▮ Plaintiffs argue that they were denied the opportunity to purchase their notes from RTC Receiver at eighty (80) percent of their value, while Mundaca was allowed to buy the notes at only fifty-five (55) percent of value. Plaintiffs imply that this "unfair dealing" occurred because four former employees of Metropolitan Federal and/or RTC Receiver became employed by Mundaca and provided confidential information about plaintiffs' notes.

The Court finds plaintiffs' arguments to be without merit. Plaintiffs have failed to provide any evidence that Mundaca conspired with RTC to prevent RTC from accepting plaintiffs' purchase offer, or to ensure that Mundaca would submit the winning bid in the sealed bid public auction in which Mundaca ultimately purchased plaintiffs' notes. Plaintiffs have failed to provide evidence that three of the four former Metropolitan Federal and/or RTC employees had any contact with plaintiffs prior to working for Mundaca. Moreover, with respect to the remaining employee, Edwin Lozier, the only evidence presented to the Court indicates that Mr. Lozier had only limited contact with plaintiffs prior to becoming employed by Mundaca.

The Court finds that, in his capacity as Vice–President in charge of residential leasing and secondary marketing at Metropolitan Federal, Mr. Lozier was instructed by his supervisor to review a letter from plaintiffs requesting that Metropolitan Federal purchase six underlying mortgages from plaintiffs. *See Lozier Dep.*, Doc. No. 43, at 15–16. Mr. Lozier reviewed the mortgages and responded to plaintiffs by letter that three of the mortgages were not saleable in the secondary market, and that Metropolitan Federal itself was not a buyer of fixed rate mortgages. *Id.* at 16, Ex. 1. There is no evidence that Mr. Lozier ever had access to or reviewed any financial information regarding plaintiffs, nor that Mr. Lozier had any access to or reviewed any settlement offers or responses to settlement offers submitted by plaintiffs to Metropolitan Federal or RTC Receiver. *Id.* at 36.

■ The Court determines, moreover, that plaintiffs have failed to demonstrate any injury arising from any of the alleged wrongdoing by Mundaca and RTC Receiver acting in concert. Plaintiffs have likewise failed to prove the requisite element of injury with respect to any alleged wrongdoing by Mundaca acting alone. *See Edwards v. Travelers Ins. of Hartford, Conn.*, 563 F.2d 105, 113 (6th Cir.1977) (the sixth element in a claim for fraud, misrepresentation, and deceit is damage); *Croft v. Gentry*, 33 Tenn.App. 595, 232 S.W.2d 424, 426 (1949) ("There can be no relief against fraud which is not operative and which in its effects produces no injury or loss to the party seeking redress on account of it."), *cert. denied* (1949).

The fact that plaintiffs must pay one hundred (100) percent of their obligation rather than receiving an unwarranted, twenty (20) percent discount, as they had attempted to receive in their payment offer prior to the auction, does not effect any injury on them. Plaintiffs negotiated two notes, and they now must repay the money owed on such obligations.

#### b. *Breach of contract*

During plaintiffs' oral argument and in their Reply to Mundaca's Supplemental Memorandum In Support Of Summary Judgment, plaintiffs alleged as well that Mundaca

has breached the terms of the note agreements that plaintiffs originally negotiated with Metropolitan Federal. As grounds for this claim, plaintiffs argue that Mundaca has refused to recognize an understanding plaintiffs allegedly had with Metropolitan Federal that, in the event any of plaintiffs' notes were called due in the future, plaintiffs would be permitted to amortize any outstanding balances over a period of three (3) years. It is undisputed that this alleged understanding was not recorded in the actual note agreements.

■ Under the doctrine originally established in *D'Oench, Duhme & Co. v. Federal Deposit Ins. Co.*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), an obligor is barred from using secret agreements which conflict with the terms of the contract as a defense to a collection action brought against the obligor by the RTC in its corporate capacity. *See Hall v. Federal Deposit Ins. Co.*, 920 F.2d 334, 340 (6th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2852, 115 L.Ed.2d 1020 (1991). An obligor is similarly barred from asserting a side agreement as a basis for a breach of contract action against the RTC Receiver. *Id.* at 340–41. Moreover, the *D'Oench* doctrine has been extended to bar an obligor from raising a side agreement as a defense to a collection action brought by a subsequent purchaser of notes from the RTC. *See, e.g. Federal Deposit Ins. Corp. v. Newhart*, 892 F.2d 47 (8th Cir.1989); *Alaracon v. Williams*, 772 F.Supp. 334 (E.D.Mich. 1991).

■ Plaintiffs assert a side agreement as a basis for their breach of contract claim against Mundaca. The Court finds, however, the plaintiffs are barred under the *D'Oench* doctrine from raising the alleged side agreement against Mundaca. Accordingly, summary judgment is granted on plaintiffs' claims against Mundaca.

#### 2. *Mundaca's counterclaim against plaintiffs*

■ Mundaca requests that the Court grant summary judgment on its counterclaim against plaintiffs for failure to pay promissory obligations purchased by Mundaca.

Plaintiffs assert as a defense that they are entitled to the terms of their side agreement that they now be allowed to amortize any outstanding balances over a period of three (3) years.

The Court determines that plaintiffs' defense is barred by the *D'Oench* doctrine. *See Newhart*, 892 F.2d 47; *Alarcon*, 772 F.Supp. 334. Having reviewed the file, the Court grants summary judgment against plaintiffs on Mundaca's counterclaim.

### B. *RTC Receiver's Motion To Dismiss and/or For Summary Judgment*

 Plaintiffs allege substantially the same claims against RTC Receiver as against Mundaca. The Court likewise finds no evidence supporting plaintiffs' allegations, and finds that plaintiffs' claims against RTC Receiver for failing to recognize plaintiffs' side agreement with Metropolitan Federal is barred by the *D'Oench* doctrine. *See Hall* 920 F.2d at 340–41. Accordingly, the Court dismisses plaintiffs' claims against RTC Receiver.

### IV. *CONCLUSION*

For the above-stated reasons, the Court hereby grants defendant Mundaca's Motion For Summary Judgment; grants defendant RTC Receiver's Motion To Dismiss and/or For Summary Judgment; and dismisses the above-styled action. Furthermore, the Court orders defendant Mundaca to submit an accounting of money owed by plaintiffs, as well as Mundaca's bill of costs.

An Order consistent with the findings herein is filed contemporaneously.

### ORDER

Pending before the Court are defendant Mundaca Investment Corporation ["Mundaca"]'s Motion For Summary Judgment (Doc. No. 24), filed on October 12, 1993, to which plaintiffs filed an Opposition (Doc. No. 28) on November 15, 1993, and Reply (Doc. No. 51) on January 24, 1994; and defendant Resolution Trust Corporation as Receiver ["RTC Receiver"]'s Motion To Dismiss and/or Motion For Summary Judgment (Doc. No. 44), filed on January 12, 1994. On January 24, 1994, the Court heard Oral Argument from the parties on defendant Mundaca's Motion. On February 4, 1994, plaintiffs filed a Response and Opposition To The Motion To Dismiss and/or For Summary Judgment Filed On Behalf Of RTC Receiver (Doc. No. 54).

Consistent with the contemporaneously-filed Memorandum, the Court hereby GRANTS defendant Mundaca's Motion For Summary Judgment; GRANTS defendant RTC Receiver's Motion To Dismiss and/or For Summary Judgment; and DISMISSES the above-styled action. Furthermore, the Court ORDERS defendant Mundaca to submit an accounting of money owed by plaintiffs, as well as Mundaca's bill of costs.